MRS. R. J. HINNANT v. R. J. HINNANT.

(Filed 11 January 1963.)

1. **Attorney and Client § 3; Divorce and Alimony §§ 21, 23—**

Where consent judgment for separation and support of the wife and children of the marriage is entered after personal service upon the husband, service of a subsequent motion in the cause relating to support may be made upon the attorney of record for the husband.

2. **Divorce and Alimony §§ 21, 23—**

Where judgment for divorce *a mensa et thoro* provides for the payment of subsistence to the wife and children of the marriage and retains the cause for further orders, jurisdiction of the court continues and the action remains pending as to the wife until the death of the husband or wife and as to the children until their majority, and the court may properly restrain the husband from removing specifically described property from this State until he should give security for the continued compliance with the order for support.

APPEAL by defendant from *McKinnon, J.*, June 30, 1962, ROBESON Superior Court.

This civil action was instituted by the plaintiff on July 21, 1953, in the Superior Court of Robeson County. According to the allegations in the complaint both parties were residents of North Carolina. They were married on September 29, 1942. Two children were born of the marriage: Gladys Cherry on May 4, 1945, and Vickie Pearle on January 1, 1953. The defendant, without excuse, abandoned plaintiff on August 11, 1952.

The defendant is a member of the United States Air Corps stationed at Shaw Field, Sumter, South Carolina. Beginning in August, 1952,

he made an allotment through the Air Corps of $176.90 per month for the benefit of the plaintiff and the minor children. Of the amount allotted, $80.00 per month was deducted from the defendant's service pay and $96.90 per month was contributed by the Government. The plaintiff prayed that she be granted a divorce *a mensa et thoro,* and that the defendant be required to furnish her and the two minor children with adequate alimony and support.

Summons and complaint were served on the defendant. At the August Term, 1953, Judge Nimocks, by consent, entered the following judgment:

> "This cause coming on to be heard at this term of Court, and being heard; and it appearing to the Court that the plaintiff and the defendant have agreed upon the terms of the Judgment to be entered herein, and it is, therefore, upon a motion of F. D. Hackett, Attorney for the plaintiff, and with the consent of Mc-Lean and Stacy, Attorneys for the defendant, ordered, adjudged and decreed as follows:
>
> "1. That from and after this date the plaintiff and the defendant shall live separate and apart from each other as fully and completely as though they had never been married, and each party shall have the right to buy, sell and own property and to execute, deeds or mortgages without the joinder of the other, and this judgment shall operate as a separation agreement between the parties.
>
> "2. That the defendant shall forthwith pay into the Court the sum of $175.00 for the use and benefit of the plaintiff in the support of herself and her two minor children, the same being for the month of August, 1953.
>
> "3. That the said defendant shall forthwith reinstate with the United States Government the allotment heretofore made to the plaintiff for the support of herself and her two children, to wit, Gladys Cherry Hinnant and Vickie Pearle Hinnant, at the present time being in the sum of $176.90 and shall retain the government allotment for a wife and two children in force so long as he shall remain a member of the United States Armed Forces.
>
> "4. That the said defendant shall have the right at reasonable intervals to visit his children and upon such occasion must present himself in a peaceful, sober and orderly manner and conduct himself properly in all respects and the said defendant shall have the further right at reasonable intervals to take Gladys Cherry Hinnant to visit in the home of the defendant's parents provided, however, that such visits shall not interfere with the said child's attendance of school.

"5. The defendant will pay the cost of this action, including the sum of $100.00, Attorney's fees for the use and benefit of F. D. Hackett, attorney for the plaintiff.

"6. In the event the defendant shall separate himself from the military service, he shall not be excused from making payments for alimony and support as herein provided, but he may apply to the Court for an adjustment of the same according to his then status.

"The custody of the children of said marriage, to wit, Gladys Cherry Hinnant and Vickie Pearle Hinnant, is hereby committed to the plaintiff, Mrs. R. J. Hinnant, who is found by the Court to be a fit and proper person to have such care, custody and control.

"This cause is retained upon the docket for such further orders as may hereafter be proper and necessary with respect to the custody and control of the two minor children of the parties hereto.

"/s/ Q. K. Nimocks, Jr., Judge Presiding.

"CONSENT:

Mrs. R. J. Hinnant /s/
F. D. Hackett /s/
Attorney for the Plaintiff

Raymond J. Hinnant /s/
Defendant
McLean & Stacy /s/
Attorneys for the Defendant."

On November 8, 1961, the plaintiff filed a verified motion in the cause alleging the defendant, R. J. Hinnant, had separated himself from the service and that he intended to defeat the judgment entered in the cause by Judge Nimocks; that he has recently come into possession of property located in Wilson County which he intended to remove from the State in order to defeat the plaintiff's claim, including support for her minor children. Plaintiff moved for a restraining order against the removal of the property until security be given for the obligations fixed by the consent judgment.

Service of motion was made upon Dickson McLean, Jr., counsel of record for the defendant. Judge Mallard issued a temporary restraining order. The defendant made a motion to dismiss upon two grounds: (1) The service on counsel of record did not give the court jurisdiction over the defendant. (2) The defendant had obtained an absolute divorce from the plaintiff in the Superior Court of Wilson County.

After hearing, Judge McKinnon made detailed findings of fact, including a finding that defendant, through his counsel, had assured the plaintiff that his proposed divorce action in Wilson County based on two years separation would not interfere with the judgment entered by Judge Nimocks in the original action. The court also found that the defendant had threatened to remove all of his property from North Carolina for the purpose of defeating his obligation under the Nimocks judgment. The court made the restraining order permanent, to be discharged upon a deposit of $6,500.00 with the Clerk Superior Court of Robeson County, or by the execution of a justified bond in that amount conditioned upon compliance with the judgment. The defendant excepted and appealed.

*Henry & Henry by Ozmer L. Henry, Ellis E. Pope for plaintiff appellee.*
*McLean & Stacy, Lumberton, N. C., Gardner, Connor & Lee, Wilson, N. C., by Cyrus F. Lee for defendant appellant.*

HIGGINS, J. The defendant was personally served with summons in the original action instituted in 1953 in Robeson County. He and his counsel of record signed the consent judgment which, by its express terms, retained the cause on the docket. Thereafter service upon the attorney of record was sufficient. "The relation of the attorney of record to the action, nothing else appearing, continues so long as the opposing party has the right by statute or otherwise to enter a motion therein or to apply to the court for further relief." *Weddington v. Weddington,* 243 N.C. 702, 92 S.E. 2d 71; *Henderson v. Henderson,* 232 N.C. 1, 59 S.E. 2d 227. The defendant's objection that service was made upon his attorney of record, is not sustained.

In the plaintiff's action for limited divorce, for alimony, custody and support for the children, the court acquired jurisdiction of the parties and the children. That jurisdiction continues and the action is still pending. "Jurisdiction rests in this court (superior) so long as the action is pending and it is pending for this purpose until the death of one of the parties, or the youngest child born of the marriage reaches the age of maturity, whichever event shall first occur." *Weddington v. Weddington, supra,* citing many cases.

Under the facts in this case as found by Judge McKinnon and supported by the record, the Superior Court of Robeson County has the continuing authority to require compliance with the Nimocks judgment. The defendant has threatened to defeat the continuing terms of that judgment by removing from the State specifically described property now in its jurisdiction. The equitable power inherent in the

superior court is amply sufficient to warrant the restraint imposed by the judgment from which this appeal is taken. *Porter v. Bank,* 251 N.C. 573, 111 S.E. 2d 904; *Lambeth v. Lambeth,* 249 N.C. 315, 106 S.E. 2d 491; *Perkins v. Perkins,* 232 N.C. 91, 59 S.E. 2d 356; *Walker v. Walker,* 204 N.C. 210, 167 S.E. 818.

We have examined all the defendant's assignments of error and find them without merit. The judgment of the Superior Court of Robeson County is

Affirmed.