JULIA MAE DOUGLAS BENNETT v. JAMES WILLIAM BENNETT

No. 8420DC125

(Filed 20 November 1984)

1. Attorneys at Law § 3.2— notice served on defendant's attorney—subsequent notice to Clerk of attorney's withdrawal—adequate notice to defendant

    Where notice that plaintiff would move to have defendant held in contempt for failure to pay child support was served on defendant's attorney of record but not on defendant, and the attorney subsequently sent the Clerk of Court a letter which stated that he did not represent defendant, the notice was sufficient because there was nothing in the record to show the attorney had been relieved before the notice was served on defendant.

2. Contempt of Court § 5.1— show cause order—sufficiency of notice

    Where defendant was found in contempt at a hearing on 19 July 1983 following a notice that plaintiff would move to have defendant held in contempt, the statutory requirement of a show cause order was satisfied by an order issued on 25 January 1982 which had never been acted upon. G.S. 5A-15, G.S. 5A-23(a).

**3. Contempt of Court § 6.3— civil contempt—findings sufficient**

Where a court did not state whether it was finding defendant in civil or criminal contempt, but punished him as if he was in civil contempt, a finding that defendant was an "able-bodied man, and capable of working, gainfully employed, earning money and capable of making said payments," was sufficient to support an order of contempt.

**4. Contempt of Court § 7— civil contempt—punishment—180 days not improper**

Where the court found defendant in civil contempt, there was no error in sentencing him to imprisonment for 180 days or until he complied with the court's order. Defendant could have been imprisoned under G.S. 5A-21(b) until he purged himself of contempt.

**5. Contempt of Court § 7— incarceration for failure to pay child support—release conditioned on making payments not yet due—improper**

Where defendant was held in contempt and incarcerated for failing to make child support payments, the court erred by requiring defendant to make child support payments which were not yet due in order to obtain his release.

APPEAL by defendant from *Honeycutt, Judge.* Order entered 19 July 1983 in District Court, ANSON County. Heard in the Court of Appeals 25 October 1984.

The defendant appeals from an order holding him in contempt of court. The plaintiff and the defendant were married and have four minor children. On 21 August 1981 a judgment was entered which granted the plaintiff a divorce and required the defendant to pay child support. The defendant consented to this judgment.

On 25 January 1982 the Court ordered the defendant to appear and show cause on 15 February 1982 why he should not be held in contempt for wilfully violating the judgment. The show cause order was served on the defendant's attorney but was not served on the defendant. On 16 February 1982 the Court ordered the defendant arrested to be held pending a hearing on the show cause order with a release order requiring a $200 bond. The record shows that this order was served on the defendant on 10 March 1982. On 1 September 1982 the plaintiff gave notice to the defendant that she would move on 28 September 1982 to have him cited for contempt. This notice was served on the defendant personally. There is nothing in the record to indicate what action was taken on this motion. On 1 December 1982 the plaintiff filed a notice that she would bring the matter on for a hearing on 13 December 1982. This notice was not served on the defendant but

it was served on the defendant's attorney. On 14 December 1982 the Court entered an order in which it found that defendant had failed to appear at the hearing. It ordered arrest of the defendant to be held until the hearing on the show cause order could be held. It allowed the release of the defendant upon the posting of a bond for $1,000. The record does not show that this order was executed. On 27 June 1983 the plaintiff again filed a notice that she would move to have the defendant held in contempt on 19 July 1983. A copy of this notice was served on the defendant's attorney but was not served on the defendant. The defendant's attorney of record sent a letter dated 28 June 1983 to the Clerk of Superior Court in which he stated he did not represent the defendant.

An order was filed on 19 July 1983 in which the Court found among other facts that the defendant was in arrears in the amount of $3,705.00 in child support, and had refused to pay $200 to the plaintiff's attorney as he had been ordered to do. It found further that the "defendant is a healthy, ablebodied man, able and capable of working, gainfully employed, earning money and capable of making said payments." The Court found the defendant was in wilful contempt of court and ordered that he be incarcerated in the Anson County jail for 180 days or until he paid the arrearage plus any child support payments accruing after 15 July 1983, plus $500 in attorney fees for the plaintiff's attorney, which fee the Court allowed.

The defendant appealed.

*E. A. Hightower for plaintiff appellee.*

*Henry T. Drake for defendant appellant.*

WEBB, Judge.

[1] The defendant first argues that he was not given proper notice of the hearing. The notice for the 19 July 1983 hearing was served on the defendant's attorney but not on the defendant. *Hinnant v. Hinnant*, 258 N.C. 509, 128 S.E. 2d 900 (1963), holds that this is sufficient notice. There is nothing in the record to show the attorney was relieved after the child support order was entered and before the notice was served on him. We hold the notice was sufficient. The defendant was not, as he contends,

deprived of his rights under the United States or North Carolina Constitution.

[2]   The defendant next argues that he was not properly in court because a show cause order had not been issued by the Court for the hearing on 19 July 1983. G.S. 50-13.4(f)(9) provides that an order for child support payments is enforceable by proceedings for civil contempt and its disobedience may be punished by proceedings for criminal contempt. In either case the proceedings are commenced by a show cause order issued by the Court. See G.S. 5A-15 and G.S. 5A-23(a). The defendant contends that whether this be a proceeding for civil or criminal contempt there was no order to show cause issued by a court for the 19 July 1983 hearing and he was not properly before the Court. A show cause order had been issued on 25 January 1982 ordering the defendant to appear on 15 February 1982. No action had been taken on this order. We hold that this outstanding show cause order upon which no action had been taken satisfied the statutory requirement that a hearing be held on a show cause order. The plaintiff gave the defendant notice on 27 June 1983 that she would bring the show cause order on for hearing on 19 July 1983. The defendant should not have been in doubt as to what was to be heard.

[3]   The defendant next argues that the Court did not find sufficient facts to support an order of contempt. The Court did not say whether it found the defendant in civil or criminal contempt. It punished the defendant as if he was in civil contempt. In order to hold a defendant in civil contempt the Court must find that the defendant presently possesses the means to comply with the order. See *Cox v. Cox*, 10 N.C. App. 476, 179 S.E. 2d 194 (1971). In this case the Court found the defendant is an "ablebodied man, and capable of working, gainfully employed, earning money and capable of making said payments." We hold this constitutes a determination that the defendant has the means to comply with the order of the Court. *Reece v. Reece*, 58 N.C. App. 404, 293 S.E. 2d 662 (1982).

[4]   The defendant argues finally that the Court ordered his imprisonment for an excessive period. The Court found that the defendant was in civil contempt. It was not limited by G.S. 5A-12 to imposing a thirty-day sentence for criminal contempt. It could, under G.S. 5A-21(b), have ordered his imprisonment until he

purged himself of contempt. It limited the sentence to 180 days or until he complied with the Court's order. In this we find no error.

[5]   We hold that the Court could not order the incarceration of defendant for payments which were not yet due. This the Court did by requiring the defendant to make child support payments which accrued after 15 July 1983 in order to obtain his release. We hold that this portion of the Court's order must be deleted. With this exception we affirm the order of the District Court.

Modified and affirmed.

Judges HEDRICK and HILL concur.