SYLVIA McMILLER v. ROMIE McMILLER

No. 8518DC463

(Filed 19 November 1985)

**Divorce and Alimony § 24.4; Contempt of Court § 7— arrearage in child support—imprisonment for civil contempt—findings inadequate**

The trial court's findings of fact did not support a judgment of imprisonment for civil contempt for arrearages in child support where there was no finding relating to defendant's ability to pay the amount required to purge himself of contempt. G.S. 5A-21(a)(3), G.S. 5A-22.

APPEAL by defendant from *Bencini, Judge.* Order entered 28 March 1985 in District Court, GUILFORD County. Heard in the Court of Appeals 31 October 1985.

On motion of the plaintiff, Sylvia McMiller, a hearing for civil contempt was held before Judge Bencini. Plaintiff alleged defendant was in arrearage for child support payments and that he had not made a payment since September 1982. Defendant acknowledged signing a voluntary support agreement in October 1977 requiring him to pay the sum of $99.00 per month for the support of one minor child. Defendant claimed, despite being gainfully employed at all times since signing the support agreement, that he did not willfully fail to comply with the support order.

The court found that defendant owed $8,641.00 in arrearages and ordered him jailed for civil contempt for willful failure to comply with a court order requiring support payments. The court further ordered that defendant could purge himself of the contempt only by paying one-half the arrearages, or $4,320.50. Defendant was to be given work-release to enable him to continue to work to pay this amount.

This Court issued a writ of supersedeas on 2 May 1985 staying the execution of the sentence for contempt pending the outcome of this appeal.

*Gregory L. Gorham for plaintiff appellee.*

*Central Carolina Legal Services, Inc., by Stanley B. Sprague for defendant appellant.*

PARKER, Judge.

Civil contempt proceedings are a proper method of enforcing orders for payment of child support. *Smith v. Smith*, 248 N.C. 298, 103 S.E. 2d 400 (1958). The purpose of civil contempt is not to punish but to coerce a defendant into compliance with the support order. *See, e.g., Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980). Although the power of a court to hold a violator of a court order in contempt is inherent, *e.g., Safie Mfg. Co. v. Arnold*, 228 N.C. 375, 45 S.E. 2d 577 (1948), it is limited somewhat by the requirements of G.S. 5A-21 thru 5A-25.

General Statute 5A-21 provides that a person may not be imprisoned for civil contempt unless "[t]he person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order." G.S. 5A-21(a)(3). General Statute 5A-22 provides that the order of a court holding a person in contempt must specify how the person may purge himself of the contempt. Because these statutes relate to the same subject matter, they must be construed *in pari materia. Carver v. Carver*, 310 N.C. 669, 314 S.E. 2d 739 (1984). When so construed, these statutes require that a person have the present ability to comply with the conditions for purging the contempt before that person may be imprisoned for civil contempt. *Bennett v. Bennett*, 71 N.C. App. 424, 322 S.E. 2d 439 (1984).

In the instant case, the trial judge found as fact only that defendant "has had the ability to pay as ordered." This finding justifies a conclusion of law that defendant's violation of the support order was willful, *Teachey v. Teachey*, 46 N.C. App. 332, 264 S.E. 2d 786 (1980); however, standing alone, this finding of fact does not support the conclusion of law that defendant has the present ability to purge himself of the contempt by paying the arrearages. *See Brower v. Brower*, 70 N.C. App. 131, 318 S.E. 2d 542 (1984).

To justify conditioning defendant's release from jail for civil contempt upon payment of a large lump sum of arrearages, the district court must find as fact that defendant has the present ability to pay those arrearages. The majority of cases have held that to satisfy the "present ability" test defendant must possess some amount of cash, or asset readily converted to cash. For ex-

ample, in *Teachey, supra,* defendant could pay $4825 in arrearages either by selling or mortgaging mountain property in Virginia. *Accord Jones v. Jones,* 62 N.C. App. 748, 303 S.E. 2d 583 (1983) (defendant could not pay $6540 in arrearages because land he owned was already heavily mortgaged).

In the case at bar, there was no finding relating to defendant's ability to come up with $4320.50 in readily available cash. The only finding by the trial court related to defendant's past ability to pay the child support payments. No finding was made as to appellant's present ability to pay the arrearages necessary to purge himself from contempt.

The scope of review in contempt proceedings is limited to whether the findings of fact by the trial judge are supported by competent evidence and whether those factual findings are sufficient to support the judgment. *Cox v. Cox,* 10 N.C. App. 476, 179 S.E. 2d 194 (1971). The findings of fact made by Judge Bencini in this case do not support the judgment of imprisonment for civil contempt. The record before this court is unclear as to what evidence if any was taken to show defendant's present ability or lack of present ability to pay the arrearage. Therefore, the judgment is vacated and the action remanded to the district court for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges ARNOLD and WELLS concur.