JUNE ADKINS (HALL) v. ROGER DEAN ADKINS

No. 8618DC153

(Filed 5 August 1986)

1. **Divorce and Alimony § 24.6; Estoppel § 4.7— action for arrearages in child support—no equitable estoppel**

  In an action to recover for arrearages in child support, defendant could not rely on the defense of equitable estoppel since an essential element of that defense is reasonable reliance upon assertions by plaintiff; defendant stopped making support payments in 1971 and never showed any intention of resuming the payments; and defendant therefore did not change his position in reliance on representations made by plaintiff in 1975 that she and her new husband were instituting adoption proceedings so that the child could use the surname of her stepfather.

2. **Divorce and Alimony § 24.6; Limitation of Actions § 4.3— child support arrearages over 10 years old—failure to plead statute of limitations**

  The district court did not err in holding defendant liable for child support arrearages from more than ten years ago, though a child support order is a judgment directing payment of a sum of money and it falls within the ten-year statute of limitations of N.C.G.S. § 1-47, since the statute was an affirmative defense which defendant was required to specifically plead, and this he failed to do.

3. **Divorce and Alimony § 24.4— child support arrearages—enforcement by contempt—property with which to pay arrearages—findings sufficient**

  There was no merit to defendant's contention that the trial court erred in ordering him imprisoned without having established that he had property free and clear of any liens that he could use to purge himself of the alleged contempt, since evidence of defendant's earnings and evidence that he completed a new home two years earlier which he put up for sale when the motion in the cause was filed, that he owned three cars, and that he owned at least three tractor-trailer trucks in his furniture business was sufficient to support the trial court's finding that defendant had the present ability to comply with the order requiring payment of child support arrearages; however, it would have been better for the court to make specific findings showing defendant's present means to pay.

APPEAL by defendant from *Hunter, Judge.* Judgment entered 28 August 1985 in District Court, GUILFORD County. Heard in the Court of Appeals 11 June 1986.

Adkins v. Adkins

Plaintiff and defendant were married in 1968. One child, Jodie Renee Adkins, was born of the marriage in March 1969; the parties separated in August 1969. By order dated January 22, 1970, defendant was ordered to pay $15.00 per week child support. The parties were divorced in September 1971, and custody of the minor child was awarded to plaintiff. After making a few child support payments, defendant stopped and has made no payments since 1 February 1971.

Plaintiff remarried, and in 1975 her new husband began adoption proceedings so that the minor child could use the surname of her stepfather. Defendant signed a document consenting to the adoption. However, the formal adoption was never completed, and the proceedings were dismissed. Defendant was not informed of the dismissal of the adoption proceeding, and the child began using her stepfather's name anyway.

In April 1985, the child, then sixteen years old, left the home of her mother and stepfather and went to live with her father. Her mother, plaintiff, instituted this proceeding by motion in the cause in July 1985, seeking to have defendant held in contempt for failure to pay the $15.00 per week child support and claiming $12,285 in arrearages. Defendant answered, asserting the affirmative defense of equitable estoppel and seeking custody of the child.

The District Court judge found that defendant had willfully failed to pay the ordered child support despite having, at all times since the order was entered, the means to pay the support. The court further found that defendant was not entitled to the defense of equitable estoppel as he had ceased making payments long before hearing about any adoption plans. Defendant was ordered jailed for contempt of court until such time as he paid $11,070 in arrearages and resumed the required $15.00 per week payments.

*J. S. Pfaff for plaintiff-appellee.*

*The Law Firm of Joe D. Floyd, P.A., by Philip R. Skager for defendant-appellant.*

PARKER, Judge.

[1] Defendant first assigns as error the failure of the trial court to grant his motion to dismiss based on the defense of equitable estoppel. The trial court denied this motion based on the finding that defendant had not relied upon the adoption of the child in not making payments which he had stopped in 1971. Both defendant and the child testified that they each believed that she had been adopted by plaintiff's husband in April 1975, and did not learn differently until the child went with defendant to get her driver's license in 1985.

We agree with the district court that defendant was not entitled to the defense of equitable estoppel in this case. An essential element of that defense is reasonable reliance upon assertions by plaintiff. *Webber v. Webber*, 32 N.C. App. 572, 232 S.E. 2d 865 (1977). Defendant stopped making payments in 1971 and has never shown any intention of resuming the payments. Clearly, then, he did not change his position in reliance on representations made by plaintiff in 1975. This assignment of error is overruled.

[2] By his next assignment of error, defendant contends the district court erred in holding him liable for support arrearages from more than ten years ago. A child support order is a judgment directing payment of a sum of money and falls within the ten-year statute of limitations of G.S. 1-47. *Lindsey v. Lindsey*, 34 N.C. App. 201, 237 S.E. 2d 561 (1977). However, the statute of limitations, as well as the equitable defense of laches, are affirmative defenses which defendant must specifically plead. G.S. 1A-1, Rule 8(c). Defendant failed to plead these affirmative defenses and they cannot be raised for the first time on appeal. *Delp v. Delp*, 53 N.C. App. 72, 280 S.E. 2d 27, *disc. rev. denied*, 304 N.C. 194, 285 S.E. 2d 97 (1981).

[3] Defendant's final assignment of error is that the trial court erred in ordering him imprisoned without having established that he had property free and clear of any liens that he could use to presently purge himself of the alleged contempt. The standard is not having property free and clear of any liens, but rather that one has the present means to comply with the court order and hence to purge oneself of the contempt. Put differently, is the individual able to take reasonable measures to comply with the order? Reasonable measures may well include liquidating equity

in encumbered assets. In this case the trial judge made the following finding:

> 15. That defendant was possessed with the means to comply with the Order of this Court as entered and as hereinabove set out and currently and presently possesses the means and ability to comply with said Order and has possessed such means and ability in the interim period, and failed to provide said $15.00 per week.

Review in contempt proceedings is limited to whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law. *Cox v. Cox,* 10 N.C. App. 476, 179 S.E. 2d 194 (1971). Plaintiff testified that defendant completed a new home two years earlier which he put up for sale when the motion in the cause was filed; that defendant owns a 280-Z, a new Monte Carlo, and a Ford Bronco; and that he owns at least three tractor-trailer trucks in his furniture business. This evidence, which from the record before this Court, was uncontroverted, and the evidence of defendant's earnings were sufficient to support the court's finding of fact. Though not specific, the finding regarding "present means to comply" is minimally sufficient to satisfy the statutory requirement for civil contempt. G.S. 5A-21(a)(3); *see Plott v. Plott,* 74 N.C. App. 82, 327 S.E. 2d 273 (1985). This case is distinguishable from *McMiller v. McMiller,* 77 N.C. App. 808, 336 S.E. 2d 134 (1985), relied on by defendant. In *McMiller* the order contained no finding whatever as to that defendant's present means to purge himself of the contempt; the only finding was that the defendant "has had" the ability to comply with the support order.

Again, however, we reiterate that specific findings supporting the contemnor's present means are preferable. This concept is not new in the jurisprudence of North Carolina. In *Mauney v. Mauney,* 268 N.C. 254, 257, 150 S.E. 2d 391, 394 (1966) Branch, J. (now C.J.) quoted as follows from *Vaughan v. Vaughan,* 213 N.C. 189, 193, 195 S.E. 351, 353 (1938) wherein the plaintiff was the supporting spouse cited for contempt:

> '. . . the court below should take an inventory of the property of the plaintiff; find what are his assets and liabilities and his ability to pay and work — an inventory of his financial condition.'

*See also Teachey v. Teachey*, 46 N.C. App. 332, 264 S.E. 2d 786 (1980). The purpose of civil contempt is to coerce compliance with a court order; therefore, present ability or means to satisfy that order is essential. Defendant's final assignment of error is over-ruled.

The judgment is

Affirmed.

Judges ARNOLD and EAGLES concur.