DAVID A. YOUNG, Plaintiff v. MASTROM, INC., Defendant

---

JOHN R. BEITH, Plaintiff v. MASTROM, INC., Defendant

---

MASTROM, INC., Plaintiff v. C. DAVID CARPENTER, Defendant

No. COA-01-459

(Filed 19 March 2002)

**Contempt— show cause order—standard**

The trial court erred by applying the wrong standard when denying a motion for a show cause order where the court concluded that no showing had been made under N.C.G.S. § 5A-21, but should have determined under N.C.G.S. § 5A-23(a) whether, considering all the facts and circumstances presented, the information in the motion and the record was sufficient to warrant a prudent person to believe that the subject of the order had the present ability to comply.

Appeal by plaintiffs David A. Young and John R. Beith and defendant C. David Carpenter from order filed 12 January 2001 by Judge William M. Neely in Moore County District Court. Heard in the Court of Appeals 12 February 2002.

*Cunningham, Dedmond, Petersen & Smith, L.L.P., by Bruce T. Cunningham, Jr., for appellants, plaintiffs Young and Beith and defendant Carpenter.*

*West & Smith, LLP, by Stanley W. West, for appellee, plaintiff-defendant Mastrom, Inc.*

GREENE, Judge.

David A. Young (Young), John R. Beith (Beith), and C. David Carpenter (Carpenter) (collectively, Appellants) appeal an order filed 12 January 2001 denying their motion to order G. Monroe Wilson (Wilson) to show cause why an order of contempt should not be issued against him for refusing to comply with previous orders of the trial court.

In an order filed 21 September 1994, the trial court directed Mastrom. Inc. (Mastrom) and Wilson to transfer a specified amount into the accounts of Appellants. After Wilson and Mastrom repeatedly failed to transfer the amounts, Wilson was found in contempt on 11

October 1996. On behalf of Wilson, Mastrom appealed the 11 October 1996 order to this Court. After finding insufficient evidence to support a finding that Wilson was in contempt of the 21 September 1994 order, this Court reversed the trial court. *Young v. Mastrom*, 129 N.C. App. 425, 502 S.E.2d 437 (1998) (unpublished).

On 19 August 1998 and on 19 February 1999, Appellants filed motions requesting the trial court to issue an order requiring Wilson to appear and show cause why an order for contempt should not be entered against him for failure to comply with the trial court's previous orders. After allowing the parties time to conduct additional discovery, the trial court considered all items of record[1] and concluded "that there [was] no showing, as required by N.C.G.S. [§] 5A-21, that [Wilson] ha[d] the present ability to comply with the order of the [trial] [c]ourt dated September 21, 1994." The trial court denied the motion of Appellants for a show cause order.

---

The dispositive issue is whether the trial court applied the correct standard in denying Appellants' motion for a show cause order.

Appellants argue "the trial court erred in denying [their] motion for [an] order to show cause due to a failure to satisfy [N.C.G.S. §] 5A-21." We agree.

To initiate a proceeding for civil contempt under N.C. Gen. Stat. § 5A-23(a), an interested party must move the trial court to issue an order or notice to the alleged contemnor "to appear at a specified reasonable time and show cause why he should not be held in civil contempt."[2] N.C.G.S. § 5A-23(a) (Supp. 2000). The order or notice may only "be issued on the motion and sworn statement or affidavit of one with an interest in enforcing [a previous] order . . . and a finding by the judicial official of probable cause to believe there is civil contempt." *Id.* "Probable cause refers to those facts and circumstances within [the judicial official's] knowledge and of which he ha[s] reasonably trustworthy information which are sufficient to warrant a

---

1. The items of record included, among other items: a 12 January 2000 deposition of Wilson; an indemnification agreement whereby MI Professional Management of Southern Pines, Inc. agreed to assume responsibility for Mastrom's litigation; and letters sent by Wilson to Young and Beith informing them of their retirement and profit-sharing account balances.

2. A party may also initiate a contempt proceeding "by motion of an aggrieved party giving notice to the alleged contemnor to appear before the court for a hearing on whether [he] . . . should be held in civil contempt." N.C.G.S. § 5A-23(a1) (Supp. 2000).

prudent man in believing that" the alleged contemnor is in civil contempt. *See State v. Williams*, 314 N.C. 337, 343, 333 S.E.2d 708, 713 (1985) (defining probable cause in relation to an arrest warrant). Once an order or notice is issued to show cause, the alleged contemnor can only be held in contempt upon a showing, among other things, that he has the present ability to comply with the trial court's order. *McMiller v. McMiller*, 77 N.C. App. 808, 809, 336 S.E.2d 134, 135 (1985); N.C.G.S. § 5A-21(a)(3) (1999).

In this case, Appellants moved for an order to be issued to Wilson to appear and show cause why he should not be held in contempt of the 21 September 1994 order. After a hearing on Appellants' motion, the trial court concluded no showing had been made under N.C. Gen. Stat. § 5A-21 and denied Appellants' motion for a show cause order. The trial court, however, was only required to determine, pursuant to section 5A-23(a), whether, considering all the facts and circumstances presented, the information contained in the motion and the record was sufficient to warrant a prudent person to believe Wilson had the present ability to comply with the 21 September 1994 order. Accordingly, as the trial court used the incorrect standard in denying Appellants' motion for a show cause order, this case must be remanded to the trial court to determine, using the standard set out in section 5A-23(a), whether a show cause order should be issued to Wilson.[3]

Reversed and remanded.

Judges McGEE and THOMAS concur.

---

[3]. We are not deciding whether there was probable cause to believe Wilson had the ability to comply with the 21 September 1994 order, but remand for the trial court to make that determination.