ANDREW J. MAXWELL, PLAINTIFF v. KRISTINA MAXWELL, DEFENDANT

No. COA10-1390

(Filed 21 June 2011)

**1. Appeal and Error— interlocutory orders and appeals—failure to set specific date to reconvene and review**

The trial court failed to set forth a specific date on which to reconvene and review plaintiff father's mental and emotional evaluation in a modification of child custody case, and thus, the Court of Appeals viewed the order as permanent and appropriate for immediate appellate review.

**2. Contempt— civil—present ability to comply**

The trial court did not err in a child custody modification case by holding plaintiff father in civil contempt based on competent evidence in the record regarding plaintiff's present ability to comply with the contempt order.

**3. Child Custody and Support— requiring parent to submit to mental and emotional evaluation—court discretion**

The trial court did not err in a child custody modification case by requiring plaintiff father to submit to a mental and emotional evaluation in the absence of a motion or sufficient notice under N.C.G.S. § 1A-1, Rule 35. The trial court's authority arose from the broad discretion granted to courts in child custody proceedings.

**4. Child Visitation— improper suspension—written findings of unfitness as parent or best interest of child required**

The trial court erred in a child custody modification case by suspending plaintiff father's visitation absent written findings of his unfitness as a parent or that it was in the best interest of the minor children.

MAXWELL v. MAXWELL

[212 N.C. App. 614 (2011)]

Appeal by Plaintiff from order and judgment entered 10 February 2010 by Judge Donnie Hoover in Mecklenburg County District Court. Heard in the Court of Appeals 23 March 2011.

*Horack Talley Pharr & Lowndes, P.A., by Kary C. Watson, Elizabeth Johnstone James and Christopher T. Hood, for Plaintiff-Appellant.*

*The Honnold Law Firm, P.A., by Bradley B. Honnold, for Defendant-Appellee.*

BEASLEY, Judge.

Andrew J. Maxwell ("Plaintiff") appeals from an order and judgment in which the trial court granted Kristina Maxwell's ("Defendant") motion to modify child custody provisions of a previous consent agreement. For the reasons stated below, we affirm the trial court's order with respect to Plaintiff's first two arguments on appeal. However, we reverse and remand for further findings of fact with respect to Plaintiff's final argument.

At all times relevant to this action, Plaintiff was a citizen of Australia, and Defendant was a citizen of Mecklenburg County, North Carolina. Plaintiff and Defendant were married in Australia on 12 November 1999. The parties are the parents of four children (the "minor children"), a set of quadruplets, born on 18 January 2004. Sometime between 2005 and 2006 the parties separated, and Plaintiff returned to Australia while Defendant moved with the minor children to Mecklenburg County, North Carolina. On 1 August 2006, Plaintiff filed a Complaint in which he sought custody, or in the alternative, joint custody of the minor children. On 26 October 2007, the trial court entered a consent order addressing the issues of child custody and child support.

In its consent order, the trial court granted Defendant permanent custody of the minor children and provided visitation to Plaintiff. Additionally, the trial court ordered Plaintiff to make child support payments "in the amount of $900.00 Australian dollars per month." In December 2007, Defendant traveled to Australia with the minor children in an attempt to reconcile with Plaintiff and resume their marriage. The attempt at reconciliation proved to be unsuccessful. During Defendant's trip to Australia, Plaintiff became both physically and verbally abusive toward Defendant. Plaintiff confiscated Defendant's and the minor children's passports, confiscated a number of personal

papers that Defendant brought with her on the trip, and threatened to evict Defendant and the minor children from his home. "With the assistance of the United States Embassy in Australia, [Defendant] and the [m]inor [c]hildren were able to leave Australia on February 6, 2008 and return home to [North Carolina]."

Defendant filed a "Complaint and Motion for Domestic Violence Protective Order on February 12, 2008." On 5 June 2008, Plaintiff filed an action in the United States District Court for the Western District of North Carolina seeking a return of the minor children to Australia pursuant to provisions of the Hague Convention Action. The Hague Convention Action acted as a stay to any hearing on the Domestic Violence Protective Order and any other pending state actions. Following a trial held in the United States District Court on 31 July 2008, Defendant prevailed in Plaintiff's Hague Convention Action. Plaintiff subsequently appealed the District Court Ruling to the United States Court of Appeals for the Fourth Circuit. After receiving oral arguments, the Fourth Circuit Court of Appeals affirmed the District Court's ruling on 30 November 2009.

On 17 September 2009, while awaiting the decision of the Fourth Circuit Court of Appeals, Defendant filed a Motion for Order to Show Cause in Mecklenburg County District Court. Defendant requested that the trial court hold Plaintiff in contempt of court for violating several provisions of the 2007 consent order. On 3 December 2009, Defendant filed a Verified Motion for Show Cause Order. In her motion, Defendant alleged that Plaintiff failed to make the child support payments required by the terms of the October 2007 consent order.

On 10 February 2010, all issues raised throughout these proceedings were heard and addressed by the trial court. The trial court issued an Order and Judgment filed 15 May 2010, *nunc pro tunc*, 10 February 2010. In its Order and Judgment, the trial court granted Defendant's motion for a Domestic Violence Protective Order; denied Defendant's motion to modify the child support payments; denied and dismissed Plaintiff's motion for a finding of Contempt and Order to Show Cause; and granted Defendant's motion to modify the child custody provision of the October 2007 consent order. Additionally, the trial court held Plaintiff in civil contempt of court for failing to make child support payments.

On appeal Plaintiff argues that: (I) the trial court erred by holding him in civil contempt of court; (II) the trial court erred by ordering

him to submit to a medical evaluation of his mental and emotional state; (III) the trial court erroneously suspended his visitation absent a finding of his unfitness as a parent.

[1] As a preliminary matter, we must first address the grounds for appellate review of this action. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "However, interlocutory orders are immediately appealable if 'delaying the appeal will irreparably impair a substantial right of the party.' " *Hayes v. Premier Living, Inc.*, 181 N.C. App. 747, 750, 641 S.E.2d 316, 318 (2007) (quoting *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999)).

"Normally, 'a temporary child custody order is interlocutory and does not affect any substantial right . . . which cannot be protected by timely appeal from the trial court's ultimate disposition . . . on the merits.' " *Brewer v. Brewer*, 139 N.C. App. 222, 227, 533 S.E.2d 541, 546 (2000) (quoting *Berkman v. Berkman*, 106 N.C. App. 701, 702, 417 S.E.2d 831, 832 (1992)). "[T]his Court held that an order is temporary if either (1) it is entered without prejudice to either party, (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues." *Senner v. Senner*, 161 N.C. App. 78, 81, 587 S.E.2d 675, 677 (2003). However,

> [a] trial court's mere designation of an order as 'temporary' is not sufficient to make the order interlocutory and nonappealable. Rather, an appeal from a temporary custody order is premature only if the trial court: (1) stated a clear and specific reconvening time in the order; and (2) the time interval between the two hearings was reasonably brief.

*Brewer v. Brewer*, 139 N.C. App. 222, 228, 533 S.E.2d 541, 546 (2000) (citing *Cox v. Cox*, 133 N.C. App. 221, 233, 515 S.E.2d 61, 69 (1999)).

In *Senner*, our Court cited the reasonably brief time period exception noted in *Brewer* along with another case[1], and held that "where neither party sets the matter for a hearing within a reasonable

---

1. *LaValley v. LaValley*, 151 N.C. App. 290, 292-93, 564 S.E.2d 913, 915 (2002).

time, the 'temporary' order is converted into a final order." *Senner,* 161 N.C. App. at 81, 587 S.E.2d at 687. There, our Court focused on the length of time between the first and second hearing. In the current action, the relevant issue is the lack of a specific reconvening date. Accordingly, because the trial court fails to state a "clear and specific reconvening time" in its otherwise temporary order, it will be treated as a permanent one.

The trial court failed to designate the order as either temporary or permanent, and did not discuss whether the order was entered with prejudice as to any party. Modifying the terms of the parties' original consent order, the trial court ordered that all visitation between Plaintiff and the minor children was suspended until Plaintiff obtained a mental evaluation from a licensed psychologist or psychiatrist and satisfied the court that he possessed the "judgment and skills necessary to parent the Minor Children." The trial court further decreed that it would schedule a review of the custody/visitation order upon Plaintiff's completion of a mental evaluation. The trial court did not set a specific date by which it would revisit the issues of Plaintiff's visitation rights.

Arguably, the trial court's order could be construed as temporary because it was entered without prejudice as to either party, and contemplated further action following Plaintiff's mental health evaluation. *See Senner,* 161 N.C. App. at 81, 587 S.E.2d at 677 (noting that this Court will find that an order is "temporary" where an order is entered without prejudice as to either party, or the order is not determinative of all the issues presented to the trial court for review). However, the trial court failed to set forth a specific date on which to reconvene and review Plaintiff's evaluation. Accordingly, this Court will view the trial court's order as a permanent one and appropriate for immediate appellate review. *See Cox,* 133 N.C. App. at 233, 515 S.E.2d at 69.

I.

**[2]** Plaintiff first argues that the trial court erroneously held him in civil contempt of court. We disagree.

"The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Sharpe v. Nobles,* 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997).

To hold a defendant in civil contempt, the trial court must find the following: (1) the order remains in force, (2) the purpose of the order may still be served by compliance, (3) the non-compliance was willful, and (4) the non-complying party is able to comply with the order or is able to take reasonable measures to comply.

*Shippen v. Shippen,* — N.C. App. —, —, 693 S.E.2d 240, 243 (2010) (citing N.C. Gen. Stat. § 5A-21 (2009)). "The party alleged to be delinquent has the burden of proving either that he lacked the means to pay or that his failure to pay was not willful." *Shumaker v. Shumaker,* 137 N.C. App. 72, 76, 527 S.E.2d 55, 57 (2000).

In the case at bar, Plaintiff contends that the trial court's findings of fact do not support its conclusion that he was able to comply with the underlying order. In its order, the trial court found that: "At all times since entry of the Consent Order, Plaintiff/Father has been aware of its terms, has had the ability to comply with the child support provisions, and has willfully failed to provide any child support as ordered without any justification." Defendant testified at trial that to her knowledge, Plaintiff has maintained employment from the date the consent order was executed until the date of the show cause hearing. Moreover, Defendant testified that during a conversation she had with Plaintiff, he explained that:

he has a line of credit and other funding methods that he could just keep me in court for the rest of my life, and keep going after me and after me and after me unless I agree to go back, where he would give me, you know, the house and the car and half the tax benefit. But if I wasn't willing to do that, he was just going to keep after me for the rest of my life.

Defendant's evidence supports the trial court's determination that Plaintiff had the present ability to comply with the contempt order. "Though not specific, the finding regarding [Plaintiff's ability to comply with the consent order] is minimally sufficient to satisfy the statutory requirement for civil contempt." *Adkins v. Adkins,* 82 N.C. App. 289, 292, 346 S.E.2d 220, 222 (1986). In *Adkins,* the trial court found that the defendant had the present means to comply with a court order and purge himself of a finding of contempt. *Id.* at 291, 346 S.E.2d at 222. On appeal, this Court reviewed the record evidence and held that the unspecific finding of a present means to comply was sufficient in light of competent evidence presented in support of the findings. *Id.* at 292, 346 S.E.2d at 222. Similarly, in the present action, though the trial court's finding as to Plaintiff's ability with the contempt order is

unspecific, there was competent evidence in the record to support the trial court's finding of fact. Accordingly, Plaintiff's argument on appeal is without merit.

II.

**[3]** Plaintiff next argues that the trial court erroneously required him to submit to a mental and emotional evaluation in the absence of a proper motion or sufficient notice pursuant to N.C. Gen. Stat. § 1A-1, Rule 35 (2009). We disagree.

"In cases involving child custody, the trial court is vested with broad discretion." *Browning v. Helff*, 136 N.C. App. 420, 423, 524 S.E.2d 95, 97 (2000). "The decision of the trial court should not be upset on appeal absent a clear showing of abuse of discretion." *Id.* (citing *Falls v. Falls*, 52 N.C. App. 203, 209, 278 S.E.2d 546, 551 (1981)). In several prior cases, this Court has affirmed the decision of trial courts to order mental health evaluations in child custody and visitation cases. *See e.g. Pass v. Beck*, 156 N.C. App. 597, 601, 577 S.E.2d 180, 182 (2003) (holding that "the trial court did not abuse its discretion in delaying determination of the best interests of the child regarding visitation pending a recommendation from a psychologist"); *Rawls v. Rawls*, 94 N.C. App. 670, 676-77, 381 S.E.2d 179, 183 (1989) (holding that where the trial court's findings of fact support its order, the trial court did not abuse its discretion by requiring a defendant to consult a psychiatrist or a psychologist before awarding specific visitation rights).

In the case at bar, the trial court's findings support its conclusion that Plaintiff was required to obtain a mental health evaluation. The trial court found that:

15. [O]n or about February 3 and February 11, 2008, Plaintiff/Father made threats to do bodily harm to Defendant/Mother and his conduct and threats have caused Defendant/Mother to have a legitimate fear for her safety and well-being and a fear that Plaintiff/Father will carry out his threats.

. . . .

17. While Defendant/Mother and the Minor Children were in Australia, Plaintiff/Father became physically and verbally abusive toward Defendant/Mother. He confiscated passports belonging to Defendant/Mother and the Minor Children, took Defendant/Mother's personal papers and records she had brought with her, tore out

the "attorneys" section of the local Yellow Pages, and threatened to evict Defendant/Mother from the residence occupied by the parties and the Minor Children, leaving her no place to live in a foreign country.

. . . .

19. After Defendant/Mother returned to Charlotte, Plaintiff/ Father attempted to coerce her return to Australia and threatened her with bodily harm and violence. Plaintiff/Father engaged in additional abusive behavior directed toward Defendant/Mother and the Minor Children, including leaving harmful and inappropriate voicemails on the family telephone answering machine.

20. Plaintiff/Father has engaged in a pattern of harassing and inappropriate contact with personnel at the elementary school attended by the Minor Children and with medical and dental providers for the Minor Children. The Court finds that this is in no way helpful to the Minor Children.

21. Additionally, Plaintiff/Father has repeatedly defamed and disparaged Defendant/Mother in communications to school personnel and to medical providers.

Based on a review of these findings of fact, it is clear that the trial court's decision to require Plaintiff to obtain a mental health evaluation did not represent an abuse of discretion. Citing N.C. Gen. Stat. § 1A-1, Rule 35(a) (2009), Plaintiff argues that because no motion was made pursuant to Rule 35 and he was not provided with the requisite notice, the trial court erred in requiring him to submit to a mental health evaluation. N.C. Gen. Stat. § 1A-1, Rule 35(a) provides that when the mental condition of a party is in controversy, a trial court judge may order the party to submit to a mental health evaluation. *Id.* "The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." *Id.*

Plaintiff erroneously argues that the trial court violated N.C. Gen. Stat. § 1A-1, Rule 35(a) by ordering him to submit to a mental health evaluation. However, that statute is inapplicable where it authorizes the trial court to order a mental health examination for a "person in the custody or under the legal control of a party". Rule 35(a). The trial court's authority to require Plaintiff to submit to a mental health evaluation arose from the broad discretion granted to courts in child custody proceedings. Accordingly, Plaintiff's argument is without merit.

## III.

**[4]** In his final argument on appeal, Plaintiff contends that "the trial court erred in suspending his visitation absent a finding of [his] unfitness as a parent." We agree.

The right of a parent to visit their children is both a "natural and legal right." *In re Custody of Stancil*, 10 N.C. App. 545, 551, 179 S.E.2d 844, 849 (1971). "[T]he court should not deny a parent's right of visitation at appropriate times unless the parent has by conduct forfeited the right or unless the exercise of the right would be detrimental to the best interest and welfare of the child." *Id.* Our General Assembly has provided that:

> [i]n any case in which an award of child custody is made in a district court, the trial judge, prior to denying a parent the right of reasonable visitation, *shall make a written finding of fact* that the parent being denied visitation rights is an unfit person to visit the child or that such visitation rights are not in the best interest of the child.

N.C. Gen. Stat. § 50-13.5(i) (2009) (emphasis added). Before a trial court can deny parents of their visitation rights, the trial court must first make a written finding of fact that: (1) the parent being denied the right to visitation is unfit; or (2) visitation would not be in the child's best interests.

In the case at bar, the trial court, possibly assuming it was entering a temporary order, failed to make the required findings of fact to support its conclusion that Plaintiff's visitation rights should be suspended until his completion of a mental health evaluation. In its order, the trial court suspended all visitation and contact between Plaintiff and the minor children. Absent from the trial court's order is a finding that the suspension of Plaintiff's visitation rights was in the best interest of the minor children, or otherwise addressed Plaintiff's unfitness as a parent. A review of the record and findings included in the trial court order suggests that, due to the involvement of the U.S. Embassy in assisting Defendant and the minor children with their emergent departure from Australia after Plaintiff confiscated their passports, the suspension of Plaintiff's visitation rights may indeed have been in the best interest of the minor children. However, a plain reading of N.C. Gen. Stat. § 50-13.5(i) requires courts to include a determination as to the fitness of a parent or the best interest of a child in its written findings of fact. Here, the trial court failed to make those findings. Accordingly, we reverse and remand this matter for

INTEGON NAT'L INS. CO. v. PHILLIPS

[212 N.C. App. 623 (2011)]

further findings of fact as to Plaintiff's fitness as a parent or the best interest of the minor children. *See Moore v. Moore,* 160 N.C. App. 569, 574, 587 S.E.2d 74, 77 (2003).

Affirmed in part; Reversed in part and Remanded.

Judges CALABRIA and STEELMAN concur.