*548
 
 ZACHARY, Judge.
 

 Gregory Tigani (defendant) appeals from an order finding him in civil contempt of court for his failure to abide by the terms of an order of the trial court directing defendant to pay $20,096.68 in attorney's fees to the attorney hired by Kim Tigani (plaintiff) in the course of domestic litigation between the parties. On appeal, defendant argues that the trial court erred by finding defendant in contempt of court for his failure to abide by the order to pay attorney's fees to plaintiff's counsel and by ordering that defendant be incarcerated until he purged himself of his contempt. Defendant contends that the court's findings were not supported by competent evidence. After careful review of defendant's arguments, in light of the record on appeal and the applicable law, we conclude that defendant's arguments have merit and that the contempt order should be reversed.
 

 Factual and Procedural Background
 

 Plaintiff and defendant were married in 1986, separated in 2006, and executed a separation agreement in 2007. In 2011, plaintiff filed a complaint alleging that defendant had breached the terms of the separation agreement and seeking specific performance and attorney's fees. Defendant filed an answer and counterclaims. In 2015, the matter was tried before a jury, which found that both parties had breached the separation agreement, that plaintiff was entitled to damages of $62,000, and that defendant was entitled to nominal damages of $1.00. On 2 October 2015, the trial court entered orders that awarded plaintiff $62,000 in damages and denied plaintiff's request for specific performance.
 

 The present appeal arises from the court's order, also entered 2 October 2015, awarding plaintiff's attorney's fees. The trial court ordered defendant to pay plaintiff's counsel, Mr. Richard Johnson, a total of $20,096.68 in attorney's fees, with $10,048.34 due no later than 1 November 2015, and the remainder payable no later than 1 March 2016. On 25 November 2015, plaintiff's counsel filed a verified motion asking the court to hold defendant in contempt of court for failure to make the payment that was due by 1 November 2015. The first sentence of plaintiff's motion, entitled "Motion For Contempt," stated that plaintiff was "moving the Court for an Order to Show Cause directed to Defendant[.]" Plaintiff set out the relevant facts and asked the trial court to issue "an Order directing Defendant to appear and show cause" why he should not be held in contempt. Plaintiff also requested issuance of "an Order finding Defendant in contempt of this Court and committing Defendant to custody until such time as he fully complies" with the order to pay attorney's fees. Plaintiff served defendant's counsel with her Notice of Hearing indicating that the "matters for hearing" were a "SHOW CAUSE," among other matters. Defendant moved for a continuance, which was denied. The trial court conducted a hearing on the motion on 25 July 2016. Neither defendant nor his counsel attended the hearing. After hearing from plaintiff's counsel, the trial court ruled that defendant was in civil contempt of court for his failure to abide by the terms of the court's order.
 

 On 15 August 2016, the court entered an order finding defendant "in contempt of court for his failure to comply with" the order to pay attorney's fees, and ordering that defendant be incarcerated in the Union County jail until he paid the full amount of attorney's fees. On the same day that the order was entered, defendant filed a motion under N.C. Gen. Stat. § 1A-1, Rule 60, asking the court to set aside the contempt order. On 25 August 2016, defendant's appellate counsel filed a petition for writ of
 
 supersedeas
 
 and a motion for a temporary stay with this Court, which were both denied the same day. On 26 August 2016, before the court had ruled on defendant's Rule 60 motion, defendant entered notice of appeal to this Court. Also on 26 August 2016, plaintiff's counsel asked the trial court to issue an order for defendant's arrest. Because defendant had given notice of appeal, the court ruled that it was divested of jurisdiction and denied the request that it order defendant's arrest.
 

 Standard of Review
 

 It is well-established that "[t]he standard of review we follow in a contempt proceeding is 'limited to determining whether there is competent evidence to support the
 
 *549
 
 findings of fact and whether the findings support the conclusions of law.' "
 
 Miller v. Miller
 
 ,
 
 153 N.C. App. 40
 
 , 50,
 
 568 S.E.2d 914
 
 , 920 (2002) (quoting
 
 Sharpe v. Nobles
 
 ,
 
 127 N.C. App. 705
 
 , 709,
 
 493 S.E.2d 288
 
 , 291 (1997) ). "Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment."
 
 Tucker v. Tucker
 
 ,
 
 197 N.C. App. 592
 
 , 594,
 
 679 S.E.2d 141
 
 , 142 (2009) (internal quotation marks omitted). However, "[i]f, as here, the finding that the failure to pay was willful is not supported by the record, the decree committing defendant to imprisonment for contempt must be set aside."
 
 Henderson v. Henderson
 
 ,
 
 307 N.C. 401
 
 , 409,
 
 298 S.E.2d 345
 
 , 351 (1983).
 

 Civil Contempt: Legal Principles
 

 The purpose of a proceeding for civil contempt "is not to punish, but to coerce the defendant to comply with the order."
 
 Bethea v. McDonald
 
 ,
 
 70 N.C. App. 566
 
 , 570,
 
 320 S.E.2d 690
 
 , 693 (1984) (citing
 
 Jolly v. Wright
 
 ,
 
 300 N.C. 83
 
 ,
 
 265 S.E.2d 135
 
 (1980) ). N.C. Gen. Stat. § 5A-21(a) (2015) provides that:
 

 (a) Failure to comply with an order of a court is a continuing civil contempt as long as:
 

 (1) The order remains in force;
 

 (2) The purpose of the order may still be served by compliance with the order;
 

 (2a) The noncompliance by the person to whom the order is directed is willful; and
 

 (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.
 

 "A person who is found in civil contempt may be imprisoned as long as the civil contempt continues[.]" N.C. Gen. Stat. § 5A-21(b). However, "a defendant in a civil contempt action should not be fined or incarcerated for failing to comply with a court order without a determination by the trial court that the defendant is presently capable of complying [.]"
 
 McBride v. McBride
 
 ,
 
 334 N.C. 124
 
 , 130,
 
 431 S.E.2d 14
 
 , 18 (1993) (citation omitted). Thus:
 

 ... [I]n order to find a party in civil contempt, the court must find that the party acted willfully in failing to comply with the order at issue. "Willfulness constitutes: (1) an ability to comply with the court order; and (2) a deliberate and intentional failure to do so." Therefore, in order to address the requirement of willfulness, "the trial court must make findings as to the ability of the [contemnor] to comply with the court order during the period when in default." ... Second, once the trial court has found that the party had the means to comply with the prior order and deliberately refused to do so, "the court may commit such [party] to jail[.] ... At that point, however, ... the court must find that the party has the present ability to pay the total outstanding amount.
 

 Clark v. Gragg
 
 ,
 
 171 N.C. App. 120
 
 , 122-23,
 
 614 S.E.2d 356
 
 , 358-59 (2005) (quoting
 
 Sowers v. Toliver
 
 ,
 
 150 N.C. App. 114
 
 , 118,
 
 562 S.E.2d 593
 
 , 596 (2002), and
 
 Bennett v. Bennett
 
 ,
 
 21 N.C. App. 390
 
 , 393-94,
 
 204 S.E.2d 554
 
 , 556 (1974) ).
 

 N.C. Gen. Stat. § 5A-23(a) (2015) provides that a proceeding for civil contempt may be initiated "by the order of a judicial official directing the alleged contemnor to appear ... and show cause why he should not be held in civil contempt," or "by the notice of a judicial official that the alleged contemnor will be held in contempt unless he appears ... and shows cause why he should not be held in contempt." Under either of these circumstances, the alleged contemnor has the burden of proof. In addition, pursuant to N.C. Gen. Stat. § 5A-23(a1), "[p]roceedings for civil contempt may be initiated by motion of an aggrieved party giving notice to the alleged contemnor to appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt. ... The burden of proof in a hearing pursuant to this subsection shall be on the aggrieved party." "[W]hen an aggrieved party rather than a judicial official initiates a proceeding for civil contempt, the burden of proof is on the aggrieved party, N.C. Gen. Stat. § 5A-23(a1) [ (2015) ], because there has not been a judicial
 
 *550
 
 finding of probable cause."
 
 Moss v. Moss
 
 ,
 
 222 N.C. App. 75
 
 , 77,
 
 730 S.E.2d 203
 
 , 205 (2012) (citing
 
 Trivette v. Trivette
 
 ,
 
 162 N.C. App. 55
 
 , 60,
 
 590 S.E.2d 298
 
 , 303 (2004) ).
 

 In the present case, the nature of plaintiff's motion is not entirely clear. The motion is captioned "Motion for Contempt." However, the first sentence of the motion states that plaintiff is "moving the Court for an Order to Show Cause," and in her prayer for relief plaintiff asks the trial court to issue both a show cause order and an order finding defendant in contempt of court. In addition, the Notice of Hearing indicates that the matter for hearing was a "SHOW CAUSE." Based on the language of the motion and the notice of hearing, defendant might have believed that the hearing conducted on 25 July 2016 could have resulted in nothing more than issuance of a show cause order, to be heard at some future date. However, defendant has not argued on appeal that he lacked notice that the court might enter an order finding him in contempt. Accordingly, we do not address the issue of whether plaintiff's motion, which includes elements of both a motion seeking to have a party held in contempt and a motion merely seeking issuance of a show cause order, properly provided defendant with notice that he might be held in civil contempt of court.
 

 Discussion
 

 Defendant appeals from an order finding him in civil contempt of court for failure to abide by the terms of the court's order to pay attorney's fees to plaintiff's counsel. The trial court's order states, in relevant part, the following:
 

 ... [A]fter reviewing the Court file and the exhibits introduced into evidence and hearing the arguments of counsel; the Court enters the following findings of fact, conclusions of law, and decree: ...
 

 1. By an order for Attorney's Fees entered herein on October 4, 2015, by Judge Joseph Williams, Defendant was ordered to pay $20,096.68 in attorney's fees with $10,048.34 due on or before November 1, 2015 and the remain[der] due on or before March 1, 2016.
 

 2. Defendant has willfully and deliberately violated said Order by:
 

 a. Failing and refusing to pay any of the attorney's fees since the Order was entered.
 

 3. Defendant is in contempt of Court for his failure to comply with the above Order as he has not paid any attorney's fees.
 

 4. Defendant's failure to comply with the previous Order entered herein is willful and deliberate and he has the means and ability to comply with the Order as evidenced by his bank statements.
 

 Based upon its findings of fact, the Court concluded in pertinent part that:
 

 ...
 

 2. Defendant is in contempt of Court for his failure to comply with the above Order as he has not paid the attorney's fees as previously ordered.
 

 3. Defendant's failure to comply with the previous Order entered herein is willful and deliberate and he has the means and ability to comply with the Order as evidenced by his bank statements.
 

 Based upon its findings and conclusions, the trial court entered an order stating in relevant part that:
 

 ...
 

 2. Defendant shall be placed in the custody of the Union County Sheriff's Department until he pays the previously ordered attorney's fees of $20,096.68.
 

 3. That sentence is suspended until August 15, 2016, provided Defendant purges his contempt by:
 

 a. Paying the full amount of attorney's fees owed, $20,096.68, on or before August 15, 2016.
 

 As discussed above, a party may be held in civil contempt of a court order if (1) the order remains in force; (2) the purpose of the order may be served by compliance with the order; (3) the party's noncompliance is willful; and (4) the party is able to comply with the order. In this case, defendant does not dispute that he was ordered to pay $20,096.68 in attorney's fees or that he had not complied with the order at the time of the hearing. Defendant contends, however, that the trial court's finding that his "failure
 
 *551
 
 to comply with the previous Order entered herein is willful and deliberate and he has the means and ability to comply with the Order as evidenced by his bank statements" was not supported by any record evidence. Upon review of the record, we agree.
 

 At the hearing on plaintiff's "Motion For Contempt," no witnesses testified and no exhibits were offered into evidence. The transcript of the proceeding indicates that plaintiff's counsel proffered for the trial court's review documents that he described as defendant's "bank statements" encompassing a mixture of business and personal records from the period between November 2015 and March 2016. The bank records were not introduced into evidence or authenticated by any witness, and are not part of the record on appeal. In addition, assuming the accuracy of plaintiff's counsel's description of the bank records, the records did not reflect defendant's financial circumstances on 25 July 2016, which is the relevant time for purposes of determining defendant's
 
 present
 
 ability to pay. Nor did plaintiff's counsel offer testimony from any witness.
 

 An order finding a party in contempt of court and ordering him incarcerated until he complies must be supported by competent evidence:
 

 To justify conditioning defendant's release from jail for civil contempt upon payment of a large lump sum of arrearages, the district court must find as fact that defendant has the present ability to pay those arrearages. The majority of cases have held that to satisfy the "present ability" test defendant must possess some amount of cash, or asset readily converted to cash. .... The record before this court is unclear as to what evidence if any was taken to show defendant's present ability or lack of present ability to pay the arrearage. Therefore, the judgment is vacated and the action remanded to the district court for further proceedings not inconsistent with this opinion.
 

 McMiller v. McMiller
 
 ,
 
 77 N.C. App. 808
 
 , 809-10,
 
 336 S.E.2d 134
 
 , 135-136 (1985). In the present case, the record contains no witness testimony or exhibits that were introduced into evidence. As a result, there is no competent evidence on the issue of defendant's financial circumstances in July 2016, or on his ability to pay the amount of attorney's fees that he owed. We conclude that the trial court's conclusion that defendant had the present ability to comply with the order directing him to pay plaintiff's attorney's fees was unsupported by any record evidence.
 

 In urging us to reach a contrary conclusion, plaintiff notes that this Court has previously held that a court's finding that the contemnor had the "present means to comply" was "minimally" sufficient to satisfy the requirements for a valid order finding a party in contempt. In cases such as those cited by plaintiff, we held that the court's order, although lacking in specific detail, was sufficient to uphold a contempt order when the order was supported by record evidence. For example, in
 
 Maxwell v. Maxwell
 
 ,
 
 212 N.C. App. 614
 
 ,
 
 713 S.E.2d 489
 
 (2011), this Court discussed an earlier case,
 
 Adkins v. Adkins
 
 ,
 
 82 N.C. App. 289
 
 ,
 
 346 S.E.2d 220
 
 (1986) :
 

 In
 
 Adkins
 
 , the trial court found that the defendant had the present means to comply with a court order and purge himself of a finding of contempt. On appeal, this Court reviewed the record evidence and held that the unspecific finding of a present means to comply was
 
 sufficient in light of competent evidence presented in support of the findings
 
 . Similarly, in the present action, though the trial court's finding as to Plaintiff's ability [to comply] with the contempt order is unspecific, there was
 
 competent evidence in the record
 
 to support the trial court's finding of fact. Accordingly, Plaintiff's argument on appeal is without merit.
 

 Maxwell
 
 ,
 
 212 N.C. App. at 619-20
 
 ,
 
 713 S.E.2d at 493
 
 (emphasis added). In the present case, unlike those cited by plaintiff, the trial court's finding was unsupported by any record evidence.
 

 Plaintiff also argues that, by failing to appear at the hearing on plaintiff's counsel's contempt motion, plaintiff waived the right to object to the presentation of his bank statements to the trial court. However, defendant does not argue that it was error for the trial court to review the documents proffered by plaintiff's counsel, but that the trial
 
 *552
 
 court's findings and conclusions are not supported by record evidence. Plaintiff has not cited any cases in which an order of the trial court was upheld despite the absence of any documentary or testimonial evidence. Moreover, the "appellate courts can judicially know only what appears of record."
 
 Jackson v. Housing Authority of High Point
 
 ,
 
 321 N.C. 584
 
 , 586,
 
 364 S.E.2d 416
 
 , 417 (1988) (citation omitted).
 

 For the reasons discussed above, we conclude that the trial court erred by finding defendant in civil contempt of court for his failure to abide by the terms of the order directing him to pay attorney's fees, given that the order was not supported by any evidence introduced at the hearing. Accordingly, the contempt order must be reversed and remanded.
 

 REVERSED AND REMANDED.
 

 Judges CALABRIA and MURPHY concur.