An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-486

Filed 7 January 2026

Pitt County, No. 23CVD002944-730

DAVONNA WHITAKER, Plaintiff,

v.

RICHARD HALL, Defendant.

Appeal by defendant from order entered 6 September 2024 by Judge Lee F. Teague in Pitt County District Court. Heard in the Court of Appeals 15 October 2025.

*No brief filed for plaintiff-appellee.*

*Mary McCullers Reece for defendant-appellant.*

ZACHARY, Judge.

Defendant Richard Hall appeals from an order holding him in civil contempt for willfully failing to comply with a prior order of the court and ordering, *inter alia*, that he be held in the custody of the Pitt County Sheriff on certain weekends until he purged himself of his contempt of court by paying $3,012.00 in arrears.[1] After careful

---

[1] Although Defendant's notice of appeal included appeal "from the . . . Order to Withhold Wages to Enforce Child Support," he makes no argument concerning this order in his appellate brief. Consequently, we deem his appeal of this order abandoned. *See* N.C.R. App. P. 28(a).

review, we affirm the order as to the conclusion of civil contempt, but vacate as to the purge condition and remand to the trial court.

## I.    Background

Plaintiff[2] and Defendant were married in 2012 and have three children together. On 29 September 2023, Plaintiff filed a complaint against Defendant, seeking, *inter alia*, divorce from bed and board, custody of their children, and child support. This matter came on for hearing on 20 February 2024; in an order entered on 4 April 2024, the trial court granted Plaintiff's claim for divorce from bed and board, awarded her sole legal and physical custody of the children, and ordered Defendant to pay monthly child support beginning 1 March 2024. The court found that Defendant had $4,604.69 per month in disposable income for child support purposes and that application of the Child Support Guidelines resulted in a child support obligation of $1,306.00 per month. The court also assessed Defendant $15,672.00 in child support arrears, ordering him to pay it in $200.00 monthly increments.

On 6 June 2024, Plaintiff filed a motion seeking, *inter alia*, the court's issuance of an order "directing Defendant to appear and show cause, if any there be, why Defendant should not be held in contempt of court." Plaintiff alleged that Defendant

---

[2] Plaintiff's name appears as "Dovanna Whitaker" in the caption of the order from which Defendant appeals. This appears to be a scrivener's error, as she is referred to as "Davonna Whitaker" in every other filing in the record. Accordingly, Plaintiff is named in the appellate caption as "Davonna Whitaker."

had failed to pay his full child support and arrears obligation during the months of March, April, May, and June 2024, paying a total of only $340.00 over those four months. On 11 June 2024, the trial court entered an order that Defendant appear and show cause why he should not be held in contempt of court.

On 6 September 2024, the order to show cause came on for hearing. During the hearing, Defendant's counsel conceded that Defendant had not complied with the support order but contended that his failure was not willful. Defendant testified that he remained employed as a maintenance mechanic and provided the court with four pay stubs from April–May 2024 that averaged $855.56 per week after taxes, which was less than the $989.00 average weekly net pay that he received from May 2023 to January 2024. Defendant attributed the difference to the amount of overtime he previously worked; he stated that overtime was not guaranteed, that he chose the April–May 2024 pay stubs because "[t]hat's where we are now," and that he "was trying to just base it on the 40 hours that's guaranteed."

Defendant testified that he paid $1,000.00 per month in rent; when asked by trial counsel if he had tried to "downsize," he responded that most places he had looked would not rent to him based on his criminal record and clarified that he was unable to move closer to his place of employment in Edgecombe County because he was required to reside in Pitt County as a condition of his probation. Defendant owned a 2019 Volkswagen Atlas, for which he paid $838.64 a month; he testified that he "tried" to get a cheaper vehicle, but that it was "the car that with [his] credit that a

bank was willing to work with" him on and that he "needed a car that day, like right then, so [he] could get to work." Defendant also testified to other bills: at least $450.00 per month for car insurance; at least $200.00 per month for electricity; $80.00-85.00 per week for gas; $330.00 per month for groceries; an occasional $84.00 monthly gym membership charge; $200.00-250.00 for his cell phone plan (which included his son); and $100.00 per month for "laundry and stuff." In addition, bank statements entered into evidence showed multiple charges from "Buck Wild Tavern."

On 6 September 2024, the trial court entered an order finding that Defendant "has willfully failed and refused to comply with the order entered [on 4 April 2024], and that [he] has sufficient means and ability to comply or take reasonable measures to comply." The court also found that Defendant had the "same job as he did when the order was put in place pursuant to [the] Worksheet Guideline[s]. [Defendant] admitted that he has not paid all required." The trial court ordered that Defendant be held in the Sheriff's custody every other weekend until he purged himself of his contempt of court by paying $3,012.00 in arrears.

Defendant gave timely notice of appeal.

## II.  Discussion

Defendant raises two issues on appeal: whether "the trial court's findings were insufficient to support the conclusion that [his] noncompliance [with the court's order] was willful"; and whether "the trial court erred by ordering that [Defendant] purge himself by paying $3[,]012.00 without first finding that he had the present ability to

pay that amount." We address each argument in turn.

## A. <u>Standard of Review</u>

"The standard of review we follow in a contempt proceeding is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *County of Durham v. Burnette*, 262 N.C. App. 17, 21, 821 S.E.2d 840, 845 (2018) (citation omitted), *aff'd*, 372 N.C. 64, 824 S.E.2d 397 (2019).

## B. <u>Commitment Order</u>

One method by which "[p]roceedings for civil contempt can be initiated . . . [is] by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt." *Id.* at 22, 821 S.E.2d at 846 (citation omitted).

In order to properly hold a defendant in civil contempt, the trial court must find as follows: "(1) the order remains in force, (2) the purpose of the order may still be served by compliance, (3) the non-compliance was willful, and (4) the non-complying party is able to comply with the order or is able to take reasonable measures to comply." *Shippen v. Shippen*, 204 N.C. App. 188, 190, 693 S.E.2d 240, 243 (2010) (citing N.C. Gen. Stat. § 5A-21 (2009)).

### 1. Willful Noncompliance

Defendant contends that the "court's findings were insufficient to support the conclusion that [his] noncompliance was willful." We disagree.

"Before holding an obligor in civil contempt, the trial court must find as fact the obligor's failure to comply with the child support order was willful and the obligor has the present ability to pay." *Cumberland County ex rel. Mitchell v. Manning*, 262 N.C. App. 383, 389, 822 S.E.2d 305, 309 (2018). "While our Court has a clear preference for explicit findings on these issues, we will affirm an order when the trial court finds present ability to comply, *but only if* there is competent evidence in the record supporting the finding." *Id.* "[T]his Court has held that a general finding of present ability to comply is sufficient basis for the conclusion of [willfulness] necessary to support a judgment of civil contempt." *Hartsell v. Hartsell*, 99 N.C. App. 380, 385, 393 S.E.2d 570, 574 (1990), *aff'd*, 328 N.C. 729, 403 S.E.2d 307 (1991).

In the present case, the trial court utilized the AOC "Commitment Order for Civil Contempt" form, in which the requisite finding was provided and properly completed: "The [c]ourt finds that . . . [D]efendant . . . has willfully failed and refused to comply with the order entered [on 4 April 2024], and that the party has sufficient means and ability to comply or take reasonable measures to comply."[3] Thus, the trial court made the appropriate finding of fact regarding Defendant's willfulness.

Moreover, the evidence at the hearing evinced Defendant's ability to pay and therefore, his willfulness: Defendant remained gainfully employed, had a car payment of over $800.00 per month, and paid $1,000.00 per month for rent, among

---

[3] This form is provided by the North Carolina Administrative Office of the Courts, and is identified as AOC-CV-110, Rev. 8/17, © 2017.

other expenses such as an occasional gym membership and visits to a tavern. Defendant's ability to pay—and thus, willfulness—was addressed at the hearing, and the findings are supported by competent evidence in the record. Accordingly, the trial court's conclusion that Defendant was in contempt of court is affirmed.

**2. Purge Condition**

Defendant next argues that "the trial court erred by ordering that [he] purge himself by paying $3[,]012.00 without first finding that he had the present ability to pay that amount." We agree.

"If civil contempt is found, the judicial official must enter an order finding the facts constituting contempt and specifying the action which the contemnor must take to purge himself . . . of the contempt." N.C. Gen. Stat. § 5A-23(e) (2023). "To justify conditioning [the] defendant's release from jail for civil contempt upon payment of a large lump sum of arrearages, the district court must find as fact that [the] defendant has the present ability to pay those arrearages." *McMiller v. McMiller*, 77 N.C. App. 808, 809, 336 S.E.2d 134, 135 (1985). An order that contains an "unspecific finding of a present means to comply [may be] sufficient in light of competent evidence presented in support of the findings." *Maxwell v. Maxwell*, 212 N.C. App. 614, 619, 713 S.E.2d 489, 493 (2011).

Here, Defendant argues that the trial court neither made a "finding nor heard any evidence that [he] had the present ability" to comply with the purge condition. Even assuming, *arguendo*, that the court's finding that Defendant "has sufficient

means and ability to comply or take reasonable measures to comply" with the 4 April 2024 order suffices as a finding that Defendant had the present means to comply with the *purge condition*, this is the type of "unspecific finding" that requires the support of "competent evidence," *id.*, of which the record before us is devoid. On review of the evidence presented, Defendant appears to have little savings, based on the multiple overdraft notices he has received. The only asset that Defendant was revealed to possess is his Volkswagen; however, there is no evidence in the record concerning its value, Defendant's equity in the vehicle, or whether Defendant could sell it and purchase another vehicle. Therefore, the record on appeal is unclear "as to what evidence if any was taken to show [D]efendant's present ability or lack of present ability to pay the arrearage . . . ." *McMiller*, 77 N.C. App. at 810, 336 S.E.2d at 136.

Accordingly, we remand to the trial court for additional findings regarding Defendant's ability to comply with the order directing him to pay the sum of $3,012.00 to purge himself of his civil contempt. *See Burnette*, 262 N.C. App. at 38–39, 821 S.E.2d at 856 (remanding for additional findings of fact, including findings as to the defendant's "ability to pay the full amount of any purge payments ordered"). "The trial court may, in its discretion, receive evidence on remand." *Id.* at 39, 821 S.E.2d at 856.

### III.   Conclusion

The evidence in the record supported the trial court's finding that Defendant was in willful noncompliance, and we thus affirm the order as to the conclusion that

Defendant was in civil contempt. However, no competent evidence supports the finding that Defendant had the ability to pay $3,012.00 in arrears as a purge condition. We therefore vacate the order as to the purge condition and remand to the trial court for entry of a purge condition supported by the evidence; the court may, in its discretion, hear additional evidence concerning this issue.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.

Judges TYSON and ARROWOOD concur.

Report per Rule 30(e).