FAYE R. JONES v. DONNIE RAY JONES

No. 825DC921

(Filed 21 June 1983)

**Divorce and Alimony § 24.4— arrearage in child support—imprisonment until payment—insufficient findings**

The trial court erred in ordering defendant imprisoned for civil contempt until he purged himself of such contempt by paying arrearages for support of his child where the evidence was insufficient to show that defendant actually possessed enough money to purge himself or that he had "the present ability to take reasonable measures that would enable him to comply with the order."

APPEAL by defendant from *Lambeth, Judge*. Order entered 22 January 1982 in District Court, NEW HANOVER County. Heard in the Court of Appeals 9 June 1983.

This is an appeal by defendant from an order imprisoning him for civil contempt until he purges himself of such contempt by paying arrearages for the support of his child in the amount of $6,540.00.

*Julia Talbutt for plaintiff, appellee.*

*W. G. Smith and Bruce H. Jackson, Jr. for defendant, appellant.*

HEDRICK, Judge.

In *Teachey v. Teachey,* 46 N.C. App. 332, 334, 264 S.E. 2d 786, 787 (1980), this Court, speaking through Martin, Judge (Harry C.), said:

> For civil contempt to be applicable, the defendant must be able to comply with the order or take reasonable measures that would enable him to comply with the order. We hold this means he must have the present ability to comply, or the present ability to take reasonable measures that would enable him to comply, with the order. (Citation omitted.)

In the present case, the defendant excepted to the following finding of fact made by the trial judge: "That Defendant has had and now has the present means and ability to comply with the provisions of the Judgment of 3 February 1975. That Defendant's failure to comply with said Order is without just cause or excuse." The question thus presented is whether the evidence in the record supports the finding of fact that the defendant possesses the present means of paying the arrearage of $6,540.00. We hold it does not.

While the evidence tends to show that defendant was gainfully employed as a construction worker at an hourly wage of $5.75 and that he lives with his second wife who also is gainfully employed with an average take-home pay of approximately $406.00 per month and that the defendant and his wife reside in a trailer situated on some "land" given to defendant by his present father-in-law and that the trailer is heavily mortgaged and that monthly mortgage payments are $250.00 and that the mortgage will be paid in six years and that defendant owns an automobile which is "broken," there is no evidence in this record that defendant actually possesses $6,540.00 or that he has "the present ability to take reasonable measures that would enable him to comply, with the order." *Id.*

We are familiar with the popular conception among members of the bench and bar that a defendant can raise more money in jail in an hour than he can outside in a year, but we cannot substitute popular conception for evidence to support a critical finding of fact. The order must be reversed and the cause remanded for further proceedings.

Reversed and remanded.

Judges WELLS and PHILLIPS concur.