CATHERINE M. LEE v. LEON HENRY LEE

No. 8518DC353

(Filed 31 December 1985)

**Divorce and Alimony § 24.4— child support—present ability to pay—finding of contempt improper**

There was no determination by the trial court that defendant had the present ability to comply with a civil contempt order requiring him to pay $1,000 of a child support arrearage, since the trial court's finding that "defendant represents to the court that he is presently employed . . . and earns $5.10 per hour" was not a determination by the court of a fact established by the evidence, nor was the finding that "defendant has had the ability to comply" sufficient to support the conclusion of law that defendant had the present ability to comply.

APPEAL by defendant from *Bencini, Judge*. Judgment entered 24 January 1985 in District Court, GUILFORD County. Heard in the Court of Appeals 22 October 1985.

On 8 September 1978 defendant, Leon Henry Lee, pursuant to the provisions of G.S. Chap. 110, executed a voluntary support agreement for the support of his three minor children. Defendant agreed to pay the sum of $30.00 per week. The agreement was approved by a District Court judge in accordance with G.S. 110-133. At a hearing 1 November 1984 upon motion of the Guilford County Child Support Enforcement Office defendant was found to be in arrears in the amount of $3,461.75. The court found that defendant was employed, had an increase in wages, and was able to pay increased child support. Defendant was ordered to pay $112.00 every two weeks of which $102.00 was to be applied to regular support and $10.00 to the arrearage until the arrearage was paid in full.

On 24 January 1985, upon motion of the Guilford County Child Support Enforcement Office, a civil contempt hearing was held for defendant to show cause why he should not be held in

contempt for failing to comply with his support obligations as ordered. At the hearing the court found that since the 1 November 1984 order defendant had paid only $224.00; that defendant has a total arrearage of $5,685.75; that "defendant represents to the court he is presently employed by Alma Desk Company and earns $5.10 per hour," and that "defendant has had the ability to comply with the previous order." The court held defendant in civil contempt and ordered him jailed until he purged himself of contempt by paying $1,000.00 of the arrearage. Defendant was given work release.

Defendant gave notice of appeal and this Court issued a writ of supersedeas on 25 February 1985 staying the execution of the sentence for contempt pending the outcome of this appeal.

*Gregory L. Gorham, for plaintiff appellee.*

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for defendant appellant.*

JOHNSON, Judge.

Defendant does not dispute the court's ability to enforce its previous orders. Defendant contends that there is no determination that he has the *present* ability to comply with the civil contempt order requiring him to pay $1,000.00 of the arrearage. We agree.

In *Teachey v. Teachey*, 46 N.C. App. 332, 334, 264 S.E. 2d 786, 787 (1980), this Court held that:

> For civil contempt to be applicable, the defendant must be able to comply with the order or take reasonable measures that would enable him to comply with the order. We hold this means he must have the *present* ability to comply, or the *present* ability to take reasonable measures that would enable him to comply, with the order. (Emphasis ours.)

*Accord McMiller v. McMiller*, 77 N.C. App. 808, 336 S.E. 2d 134, (1985); *Jones v. Jones*, 62 N.C. App. 748, 303 S.E. 2d 583 (1983).

G.S. 1A-1, Rule 52(a)(1) provides that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially. . . ." The court must make its own determination as to

Lee v. Lee

what pertinent facts are established by the evidence rather than merely reciting what the evidence may tend to show. *Chloride, Inc. v. Honeycutt,* 71 N.C. App. 805, 323 S.E. 2d 368 (1984). In the case *sub judice,* the trial court's finding that "defendant represents to the court he is presently employed . . . and earns $5.10 per hour" is not a determination by the court of a fact established by the evidence. At best it is a recapitulation of defendant's testimony. Therefore, we are left with the finding that "defendant has had the ability to comply. . . ." In *McMiller, supra,* this Court rejected this exact finding as a basis of showing that a defendant has the *present* ability to purge himself of the contempt order. This Court stated such a finding "justifies a conclusion of law that defendant's violation of the support order was willful (citation omitted) however, [it] . . . does not support the conclusion of law that defendant has the present ability to purge himself of the contempt by paying the arrearages." *Id.* at 809, 336 S.E. 2d at 135.

For the reason that there is no evidence in this record that defendant actually possessed the $1,000.00 or that he had the present ability to take reasonable measures that would enable him to comply with the contempt order, the order must be vacated and the cause remanded for further proceedings.

Vacated and remanded.

Judges WEBB and PHILLIPS concur.