HUNTER, JR., Robert N., Judge.
 

 *384
 
 Danita L. Manning ("Defendant") appeals from an order holding her in civil contempt. On appeal, Defendant argues: (1) the contempt order attempts to enforce a child support order no longer in force; and (2) the findings on willfulness and present ability to pay are not supported by competent evidence and do not support the trial court's conclusions.. We affirm in part and vacate and remand in part.
 

 I. Factual and Procedural Background
 

 On 31 March 2014, the Cumberland County Child Support Enforcement Agency ("the Agency") filed a complaint on behalf of Lloyd E. Mitchell, Sr. ("Relator"). In the complaint, the Agency alleged the following. Relator and Defendant married on 8 November 1997. The two had one child during the marriage and separated on 1 August 1998. Defendant "has failed or refused to adequately contribute to the support and maintenance of [ ]her minor child(ren)[.]" Defendant "is and has been an able bodied person, capable of providing child support through all times relevant to this action."
 

 The court held a hearing on 24 July 2014. In an temporary child support order entered 19 August 2014, the court ordered Defendant to do the following: (1) pay $187 per month to the North Carolina Centralized Collections; (2) provide her child with medical coverage; and (3) reimburse Relator fifty percent of all unreimbursed medical expenses, after the first $250 per year.
 

 On 2 October 2014, the court held another hearing. On 28 October 2014, the court entered a permanent child support order. The court found Defendant had the ability to pay $187 child support per month and ordered Defendant to do so. The court found Defendant owed $374 of past child support and ordered Defendant to pay $18 per month in arrears.
 

 *307
 

 *385
 
 On 5 April 2016, Defendant filed a motion to set aside/terminate arrears. On 6 April 2016, the court entered an "Order to Appear and Show Cause for Failure to Comply Support Order and Order to Produce Records." (All capitalized in original). In the order, the court found "probable cause to believe [Defendant was] in contempt for failure to comply with" the child support order. The order averred Defendant owed $3,927 in past due support payments. The court ordered Defendant to appear in Cumberland County District Court "to show cause why [she] should not be ... held in contempt of court for failing to comply with the lawful orders of this Court." The order informed Defendant if the court found her to be in civil contempt, she "may be committed to jail for as long as the civil contempt continues." Although child support payments were suspended because Defendant's son reached his eighteenth birthday and was no longer in school, the Agency sought payment for the amount still in arrears.
 

 On 20 July 2016, court held a show cause hearing, which Defendant attended. Defendant requested a continuance, to set aside prior orders, and to dismiss the show cause order. The court dismissed or denied all of Defendant's requests. The court then heard the Agency's motion for contempt. The parties did not call anyone to testify. Defendant did not present any evidence. The court found Defendant in willful contempt.
 

 On 18 August 2016, the court entered an order for contempt. The court found,
 
 inter alia
 
 :
 

 16. That the Court finds all the following facts beyond a reasonable doubt.
 

 ....
 

 d. That the Temporary and Permanent Child Support orders entered were proper, that the Permanent Child Support Order is still valid and the purpose of the Order may still be served by compliance with the Order, to wit: payment of child support.
 

 e. That since the entry of the Order, the Defendant has failed to comply with the payment terms of the aforesaid Order and as of June 30, 2016 owes a total outstanding arrears of $3,740.00 and compliance arrears of 3,740.00.
 

 f. That since the entry of the Order, the Defendant has not been under any physical or mental disability that would prevent her from working.
 

 *386
 
 g. That the Defendant testified and the Plaintiff confirmed that the Defendant's Federal Tax Return in the amount of $1,284.00 were seized for the payment of child support and are on hold through the North Carolina Centralized Collections Agency pending a fraud hold.
 

 h. That the Defendant has not paid the arrears as set forth in the Order to Show Cause prior to this hearing.
 

 i. That the Defendant had the ability to comply with the previous Order and has the ability to purge herself as ordered.
 

 The court concluded "Defendant is in willful contempt of this Court for her failure to comply with the terms and conditions of the order previously entered in this case." The court decreed Defendant owed arrears of $3,740. The court ordered Defendant to pay $205 per month in arrears and set the purge amount at $2,500. The court ordered Defendant to the custody of the Sheriff of Cumberland County.
 

 On or about 12 September 2016, the court reduced the purge amount to $1,000, with an additional $1,500 to be paid by 26 October 2016. On 14 September 2016, Defendant filed notice of appeal from the order for contempt. On 5 October 2016, the court further reduced the purge amount to $500, with additional amounts to be paid on a schedule set by the trial court. On 15 November 2016, the trial court issued a stay of the judgment from the order for contempt pending appeal and ordered Defendant be released from custody.
 

 II. Standard of Review
 

 The standard of review for contempt is:
 

 limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law. Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence and are
 
 *308
 
 reviewable only for the purpose of passing upon their sufficiency to warrant the judgment.
 

 Watson v. Watson
 
 ,
 
 187 N.C. App. 55
 
 , 64,
 
 652 S.E.2d 310
 
 , 317 (2007) (citations and quotation marks omitted).
 

 *387
 

 III. Analysis
 

 A trial court may hold a party in civil contempt for failure to comply with a court order if:
 

 (1) The order remains in force;
 

 (2) The purpose of the order may still be served by compliance with the order;
 

 (2a) The noncompliance by the person to whom the order is directed is willful; and
 

 (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.
 

 N.C. Gen. Stat. § 5A-21(a) (2017).
 

 A. Current Force of the Child Support Order
 

 Defendant contends the trial court erred in holding her in civil contempt because the underlying child support order was no longer in force at the time of her show cause hearing, and, thus, its purpose could not be served by her compliance with the order. We disagree.
 

 This argument was not made at the show cause hearing, and, on appeal, Defendant cites no law supporting this argument. Although Defendant's child support obligation terminated because her son turned eighteen and was no longer in school, the arrears owed to the county remained.
 

 If an arrearage for child support or fees due exists at the time that a child support obligation terminates, payments shall continue in the same total amount that was due under the terms of the previous court order or income withholding in effect at the time of the support obligation. The total amount of these payments is to be applied to the arrearage until all arrearages and fees are satisfied or until further order of the court.
 

 N.C. Gen. Stat. § 50-13.4
 
 (c) (2017).
 

 On 28 October 2014, the court entered the permanent child support order and directed Defendant to pay $187 per month. The order "remain[ed] in full force and effect." Defendant made no child support payments before her son turned eighteen and finished school. The court
 
 *388
 
 found the purpose of the order, "payment of child support[,]" would be served by Defendant's compliance with the order. We conclude competent evidence supports this finding, and the findings and applicable law support the conclusion the child support order remained in force. Accordingly, Defendant's argument is without merit.
 

 B. Challenged Findings
 

 [1]
 

 Civil contempt proceedings may be initiated:
 

 (1) by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt; (2) by the notice of a judicial official that the alleged contemnor will be held in contempt unless he appears at a specified reasonable time and shows cause why he should not be held in contempt; or (3) by motion of an aggrieved party giving notice to the alleged contemnor to appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt. Under the first two methods for initiating a show cause proceeding, the burden of proof is on the alleged contemnor. However, when an aggrieved party rather than a judicial official initiates a proceeding for civil contempt, the burden of proof is on the aggrieved party, because there has not been a judicial finding of probable cause.
 

 *309
 

 Moss v. Moss
 
 ,
 
 222 N.C. App. 75
 
 , 77,
 
 730 S.E.2d 203
 
 , 204-05 (2012) (brackets, quotation marks, and citations omitted); N.C. Gen. Stat. § 5A-23 (2017).
 

 Nonetheless, our Court recognized the burden shift under the first two ways of commencement does not divest the trial court of its responsibility to make findings of fact supported by competent evidence:
 

 despite the fact that the burden to show cause shifts to the defendant, our case law indicates that the trial court cannot hold a defendant in contempt unless the court first has sufficient evidence to support a factual finding that the
 
 *389
 
 defendant had the ability to pay, in addition to all other required findings to support contempt.
 

 Cty. of Durham v. Hodges
 
 , --- N.C. App. ----, ----,
 
 809 S.E.2d 317
 
 , 324 (2018) (citing
 
 Carter v. Hill
 
 ,
 
 186 N.C. App. 464
 
 , 466,
 
 650 S.E.2d 843
 
 , 844 (2007) ;
 
 Frank v. Glanville
 
 ,
 
 45 N.C. App. 313
 
 , 316,
 
 262 S.E.2d 677
 
 , 679 (1980) ).
 
 See also
 

 Cty. of Durham v. Burnette
 
 , --- N.C. App. ----, ----,
 
 821 S.E.2d 840
 
 , 850-51, op. at *8-*9,
 
 2018 WL 4996687
 
 (N.C. Ct. App. Oct. 16, 2018) (relying on the rule stated in
 
 Hodges
 
 );
 
 Tigani v. Tigani
 
 , --- N.C. App. ----, ----,
 
 805 S.E.2d 546
 
 , 549-52 (2017).
 

 Before holding an obligor in civil contempt, the trial court must find as fact the obligor's failure to comply with the child support order was willful and the obligor has the present ability to pay.
 
 Clark v. Gragg
 
 ,
 
 171 N.C. App. 120
 
 , 122-23,
 
 614 S.E.2d 356
 
 , 358-60 (2005). While our Court has a clear preference for explicit findings on these issues, we will affirm an order when the trial court finds present ability to comply,
 
 but only if
 
 there is competent evidence in the record supporting the finding.
 
 Tigani
 
 , --- N.C. App. at ----,
 
 805 S.E.2d at
 
 551-52 ;
 
 Maxwell v. Maxwell
 
 ,
 
 212 N.C. App. 614
 
 , 619-20,
 
 713 S.E.2d 489
 
 , 493 (2011) (citation omitted).
 
 Hartsell v. Hartsell
 
 ,
 
 99 N.C. App. 380
 
 , 385,
 
 393 S.E.2d 570
 
 , 574 (1990) (citation omitted) ("Although specific findings as to the contemnor's present means are preferable, this Court has held that a general finding of present ability to comply is sufficient basis for the conclusion of wilfulness necessary to support a judgment of civil contempt."). The finding is binding on appeal if supported by competent evidence.
 
 Watson
 
 ,
 
 187 N.C. App. at 64
 
 ,
 
 652 S.E.2d at 317
 
 (citation omitted).
 

 When determining ability to pay, the trial court must look at two periods of time: (1) the period of time the party did not pay child support; and (2) the date of the hearing,
 
 i.e.
 
 the present ability to comply.
 
 See
 

 Tigani
 
 , --- N.C. App. at ----,
 
 805 S.E.2d at
 
 550-52 ;
 
 Shippen v. Shippen
 
 ,
 
 204 N.C. App. 188
 
 , 190-91,
 
 693 S.E.2d 240
 
 , 243 (2010) (citation omitted);
 
 Clark
 
 ,
 
 171 N.C. App. at 122-23
 
 ,
 
 614 S.E.2d at 358-59
 
 (citations omitted).
 

 For these findings, there are several points of argument for an appealing contemnor-the lack of a finding on these issues, the
 
 wording
 
 of the finding, and
 
 whether the finding is supported by competent evidence
 
 .
 
 See
 

 Tigani
 
 , --- N.C. App. at ----,
 
 805 S.E.2d at
 
 551 (citing
 
 Maxwell
 
 ,
 
 212 N.C. App. 614
 
 ,
 
 713 S.E.2d 489
 
 ;
 
 Adkins v. Adkins
 
 ,
 
 82 N.C. App. 289
 
 ,
 
 346 S.E.2d 220
 
 (1986) ). Said another way, wording sufficient to survive appellate review does not determine whether competent evidence supports the findings.
 
 See
 

 id.
 

 at ----,
 
 805 S.E.2d at 551-52
 
 .
 

 *390
 
 Additionally, "[t]he order of the court holding a person in civil contempt must specify how the person may purge himself of the contempt. The court's conditions under which defendant can purge herself of contempt cannot be vague such that it is impossible for defendant to purge herself of contempt."
 
 Watson
 
 ,
 
 187 N.C. App. at 65
 
 ,
 
 652 S.E.2d at 317
 
 (quotation marks and citation omitted). The trial court must also determine the obligor's present ability to comply with the purge conditions.
 
 Spears v. Spears
 
 ,
 
 245 N.C. App. 260
 
 , 281-82,
 
 784 S.E.2d 485
 
 , 499 (2016) (citation omitted). This finding must also be supported by competent evidence in the record.
 
 Lee v. Lee
 
 ,
 
 78 N.C. App. 632
 
 , 633-34,
 
 337 S.E.2d 690
 
 , 691 (1985).
 

 Here, the trial court entered an order to show cause, which shifted the burden to Defendant.
 
 Moss
 
 ,
 
 222 N.C. App. at 77
 
 ,
 
 730 S.E.2d at 204-05
 
 (citations omitted). The court found "the Defendant
 
 had
 
 the ability to comply with the previous Order and has the
 
 *310
 
 ability to purge herself as ordered."
 
 [2]
 
 (Emphasis added).
 

 While it is true Defendant failed to present evidence below, Defendant's failure to present evidence does not relieve the trial court of its duty to make findings of fact supported by competent evidence.
 
 Hodges
 
 , --- N.C. App. at ----,
 
 809 S.E.2d at 324
 
 (citations omitted). Turning to whether this finding is supported by competent evidence, we hold it is not.
 
 [3]
 
 The record is devoid of evidence of Defendant's ability to pay the child support amount or purge amount at the time of the hearing. The record includes Defendant's affidavit of indigency. However, Defendant completed the affidavit on 12 May 2016, and the court held the hearing on 20 July 2016. Thus, the affidavit cannot be evidence of Defendant's
 
 present ability
 
 to pay at the time of the hearing.
 
 [4]
 
 Neither appellee offered any evidence of Defendant's present ability to pay at the hearing.
 

 *391
 
 Therefore, we hold the trial court's finding on Defendant's ability to pay the child support amount owed and the purge amount is not supported by competent evidence.
 
 [5]
 
 Accordingly, we vacate the order and remand for proceedings not inconsistent with this holding.
 

 IV. Conclusion
 

 For the foregoing reasons, we affirm, in part, the trial court's order and vacate and remand, in part, for proceedings not inconsistent with this opinion. The trial court may, in its discretion, receive evidence on remand.
 

 VACATED AND REMANDED.
 

 Judge INMAN concurs.
 

 Judge BERGER concurring in part; dissenting in part.
 

 BERGER, Judge, concurring in part, dissenting in part by separate opinion.
 

 I concur with the majority that the underlying child support order was in full force and effect. However, because there was sufficient evidence that Defendant was in willful contempt of court, I respectfully dissent and would affirm the trial court's determination.
 

 Defendant and Lloyd E. Mitchell, Sr. ("Mitchell") were married November 8, 1997. Three months later, their son was born, and six months after their son's birth the couple separated. Because Defendant had failed or refused to adequately contribute to the support and maintenance of her child, the Cumberland County Child Support Enforcement Agency (the "Agency") filed a complaint against her on March 31, 2014. In its complaint, the Agency alleged that Defendant was the "Responsible Parent" as defined by
 
 N.C. Gen. Stat. § 110-129
 
 (3), and she therefore had a legal duty to provide support.
 

 A hearing was conducted in July 2014, and a temporary child support order was entered on August 19, 2014. Both the temporary child support order and a permanent child support order entered on October 26, 2014 found Defendant responsible for paying support for her minor
 
 *392
 
 child. The permanent child support order required Defendant to make child support payments of $187.00 per month and arrears payments of $18.00 per month.
 

 On April 6, 2016, Defendant owed $3,927.00 in past due support payments. The trial court entered an Order to Appear and Show Cause for Failure to Comply with the Support Order and Order to Produce Records. In the
 
 *311
 
 order, the trial court found "that there is probable cause to believe that [Defendant is] in contempt for failure to comply with the order(s) of this Court and/or [Defendant has] failed to comply with other provisions of the" child support order. The trial court ordered Defendant to appear in Cumberland County District Court "to show cause why [she] should not be ... held in contempt of court for failing to comply with the lawful orders of this Court." The order also put Defendant on notice that, if found to be in civil contempt, she "may be committed to jail for as long as the civil contempt continues." Defendant was served with the trial court's order on April 21, 2016 by a deputy with the Cumberland County Sheriff's Department.
 

 Defendant had made no payments since the entry of the permanent child support order on October 2, 2014. Although child support payments had been suspended because the parties' son had reached his eighteenth birthday and was no longer in school, the Agency sought payment for the amount still in arrears.
 

 On July 20, 2016, the show cause hearing was conducted in Cumberland County District Court. During the hearing, Defendant was given the opportunity to introduce evidence, but she provided none. The trial court found Defendant to be in civil contempt of the support order, ordered her into custody, and set the contempt purge amount at $2,500.00.
 

 The matter was readdressed by the trial court on July 27, 2016, and Defendant remained in jail at that time. On August 17, 2016, the purge amount required was reduced to $1,000.00, with an additional $1,500.00 to be paid by October 26, 2016. Defendant remained in custody when the matter was again addressed on August 24 and August 31, 2016. On September 7, 2016, the purge amount was further reduced to $500.00, with additional amounts to be paid on a schedule set by the trial court. On September 14, 2016, Defendant filed notice of appeal from the order for contempt. On September 21, 2016, the trial court issued a stay of the judgment from the order for contempt pending appeal and ordered Defendant be released from custody.
 

 *393
 
 A trial court may hold a party in civil contempt for failure to comply with a court order if:
 

 (1) [t]he order remains in force;
 

 (2) [t]he purpose of the order may still be served by compliance with the order;
 

 (2a) [t]he noncompliance by the person to whom the order is directed is willful; and
 

 (3) [t]he person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.
 

 N.C. Gen. Stat. § 5A-21(a) (2017).
 

 Civil contempt is designed to coerce compliance with a court order, and a party's ability to satisfy that order is essential. Because civil contempt is based on a willful violation of a lawful court order, a person does not act willfully if compliance is out of his or her power. Willfulness constitutes: (1) an ability to comply with the court order; and (2) a deliberate and intentional failure to do so. Ability to comply has been interpreted as not only the present means to comply, but also the ability to take reasonable measures to comply.
 

 Watson v. Watson
 
 ,
 
 187 N.C. App. 55
 
 , 66,
 
 652 S.E.2d 310
 
 , 318 (2007) (citations and quotation marks omitted).
 

 Where there is "a show cause order with a judicial finding of probable cause[,] ... the burden was on [contemnor] to show why he should not be held in contempt."
 
 Gordon v. Gordon
 
 ,
 
 233 N.C. App. 477
 
 , 480,
 
 757 S.E.2d 351
 
 , 353 (2014) (citations and quotation marks omitted). "The party alleged to be delinquent has the burden of proving either that he lacked the means to pay or that his failure to pay was not willful."
 
 Shumaker v. Shumaker
 
 ,
 
 137 N.C. App. 72
 
 , 76,
 
 527 S.E.2d 55
 
 , 57 (2000). The burden is only on an aggrieved party when there is a motion for contempt filed pursuant to N.C. Gen. Stat. § 5A-23(a1). "The burden of proof in a hearing pursuant to this subsection shall be on the aggrieved party." N.C. Gen. Stat. § 5A-23(a1) (2017) ;
 
 but see
 

 Trivette v. Trivette,
 

 162 N.C. App. 55
 
 , 60,
 
 590 S.E.2d 298
 
 , 303 (2004) (noting the contempt proceeding was initiated
 
 *312
 
 by a motion and notice of hearing by an aggrieved party and not by order or notice from the court, "there is no basis to shift the burden of proof to the alleged contemnor in this case.").
 
 *394
 
 Here, the record plainly reflects that the trial court entered an order directing Defendant to appear at a specified time to show cause why she should not be held in civil contempt. The burden was on Defendant to show that she was not in contempt of the child support order. A "defendant refuses to present such evidence at h[er] own peril."
 
 Hartsell v. Hartsell
 
 ,
 
 99 N.C. App. 380
 
 , 387,
 
 393 S.E.2d 570
 
 , 575 (1990),
 
 aff'd
 
 ,
 
 328 N.C. 729
 
 ,
 
 403 S.E.2d 307
 
 (1991).
 

 "To show such cause, a party must establish a lack of means to pay support or an absence of willfulness in failing to pay support."
 
 Belcher v. Averette
 
 ,
 
 136 N.C. App. 803
 
 , 807,
 
 526 S.E.2d 663
 
 , 665 (2000). "It is well established that in civil contempt proceedings to enforce orders for child support, the court is required to find only that the allegedly delinquent obligor has the means to comply with the order and that he or she wilfully refused to do so."
 
 Plott v. Plott
 
 ,
 
 74 N.C. App. 82
 
 , 84-85,
 
 327 S.E.2d 273
 
 , 275 (1985).
 

 Additionally, "[t]he order of the court holding a person in civil contempt must specify how the person may purge himself of the contempt. The court's conditions under which defendant can purge herself of contempt cannot be vague such that it is impossible for defendant to purge herself of contempt."
 
 Watson
 
 ,
 
 187 N.C. App. at 65
 
 ,
 
 652 S.E.2d at 317
 
 (citations and quotation marks omitted). "Although specific findings as to the contemnor's present means are preferable, this Court has held that a general finding of present ability to comply is sufficient basis for the conclusion of wilfulness necessary to support a judgment of civil contempt."
 
 Hartsell
 
 ,
 
 99 N.C. App. at 385
 
 ,
 
 393 S.E.2d at 574
 
 .
 

 Here, the record reflects that on October 2, 2014 a child support order was entered directing Defendant to pay $205.00 per month, and that the order "remain[ed] in full force and effect." The court found that the purpose of the order, "payment of child support," would be served by Defendant's compliance with the order. The trial court's findings also reflect that Defendant had "the means to comply with the order and that ... she wilfully refused to do so."
 
 Plott
 
 ,
 
 74 N.C. App. at 84-85
 
 ,
 
 327 S.E.2d at 275
 
 .
 

 Further, the trial court found that Defendant was not prevented from working due to "any physical or mental disability," and she had an income tax refund that had been intercepted to apply to her child support obligation. In addition, Defendant was late to court on the day of the contempt hearing because she was at work, and she informed the trial court that she was "an insurance agent." She also claimed she
 
 *395
 
 was unemployed. When given the opportunity to present evidence at the show cause hearing, Defendant failed to produce any evidence demonstrating that she lacked the means to comply with the order, or that her failure to pay was not willful.
 

 The trial court found Defendant's noncompliance with the child support order to be willful; that she had the present ability to comply; and the conditions by which Defendant could purge the contempt were clear.
 
 See
 

 Watson
 
 ,
 
 187 N.C. App. at 65
 
 ,
 
 652 S.E.2d at 317
 
 . To purge the contempt, Defendant was required to pay $2,500.00 of the $3,740.00 owed.
 

 Based upon the record before us, there was sufficient information available to the trial court to find that Defendant had the means to comply with the order and that she wilfully refused to do so. The trial court's findings are binding on this Court, and are sufficient to warrant entry of civil contempt. Defendant was given an opportunity to prove her inability to comply with a valid court order, but she presented no evidence. Because Defendant was in civil contempt of the child support order, I would affirm.
 

 [1]
 

 Both appellees argue Defendant waived the issue of present ability to pay the child support order and purge amount by not raising the issue below and not presenting any evidence below. However, our Court reviewed this issue in
 
 Tigani
 
 , where neither defendant nor his counsel attended the show cause hearing, thus not arguing the issue of inability to pay at the hearing. --- N.C. App. at ----,
 
 805 S.E.2d at 548, 551-52
 
 . Additionally, an appellant cannot present argument about findings of fact the trial court has not yet made.
 

 [2]
 

 We need not determine whether the wording of this finding is sufficient-even minimally-because even if we were to conclude the wording of the finding was sufficient on Defendant's present ability to comply with the support order, as explained
 
 infra
 
 , the finding is not supported by competent evidence. Thus, our holding to vacate and remand would remain the same.
 

 [3]
 

 Defendant also argues any "findings" on Defendant's ability to pay are not findings, but instead, conclusions of law. However, our case law treats these findings
 
 as findings
 
 .
 
 See e.g.
 

 Burnette
 
 , --- N.C. App. ----,
 
 821 S.E.2d 840
 
 , ;
 
 Hodges
 
 , --- N.C. App. at ----,
 
 809 S.E.2d at 323-25
 
 (explaining the difference between evidentiary findings of fact and ultimate findings of fact).
 

 [4]
 

 Additionally, two things in the record stand out in our review of Defendant's present ability to pay. First, the trial court repeatedly reduced the purge amount, from $2,500 to $1,000, and then to $500. Second, Defendant required court appointed counsel for the proceedings below.
 

 [5]
 

 As the trial court's determination of willfulness was predicated upon ability to pay, this portion of the order is also vacated and remanded.