IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-690

No. COA21-111

Filed 21 December 2021

Mecklenburg County, 09 CVD 4891

SUBASHINI HIRSCHLER, Plaintiff,

v.

MATTHEW HIRSCHLER, Defendant.

Appeal by Defendant from Order entered 16 September 2020 by Judge Gary L. Henderson in Mecklenburg County District Court. Heard in the Court of Appeals 25 August 2021.

*Subashini M. Hirschler, pro se, for Plaintiff-Appellee.*

*Collins Family Law Group, by Rebecca K. Watts, for Defendant-Appellant.*

WOOD, Judge.

¶ 1        Matthew Hirschler ("Defendant") appeals a civil contempt judgment finding him in civil contempt. The trial court signed an order for Defendant to appear and show cause why he should not be held in criminal contempt, conducted a hearing for criminal contempt, then, *sua sponte*, held Defendant in civil contempt and ordered he be taken into immediate custody. Though we agree with Defendant the trial court may not order civil contempt *sua sponte*, we dismiss this case as moot.

## I.        Background

¶ 2        On March 16, 2017, the trial court entered an Order for Permanent Custody and Visitation (the "Custody Order") granting Subashini Hirschler ("Plaintiff") primary physical custody of Plaintiff and Defendant's then sixteen-year-old minor child, M. H.  The Custody Order granted Defendant custody of M.H. for the first half of summer from June 1 to July 10.  Plaintiff resides in North Carolina, and Defendant resides in Florida.  For M.H.'s summer visits with Defendant, Plaintiff and Defendant agreed to deviate from the Custody Order to allow Defendant to have parenting time from May 29 through July 8.  Starting in late June 2020, M.H. began communicating with Plaintiff that M.H. wanted to stay in Florida with Defendant instead of returning to North Carolina on July 8.  Plaintiff, Defendant, and M.H. began exchanging texts and e-mails wherein Plaintiff attempted to persuade M.H. to return to North Carolina, but M.H. remained in Florida.

¶ 3        Defendant did not return M.H. to Plaintiff, explaining he would not forcibly put M.H. into a car and drive M.H. to the exchange against M.H.'s will.  Defendant urged Plaintiff to drive to Florida and talk to M.H. about coming back to North Carolina.  On July 31, 2020, Plaintiff filed a Motion for Contempt and an "Ex Parte Motion for Emergency Court", asking the trial court to find Defendant in criminal contempt of court.  Although Plaintiff eventually did drive to Florida to speak to M.H. on September 5, 2020, M.H. continued to refuse to return to North Carolina with Plaintiff.  The trial court signed an order to show cause against Defendant on August

7, 2020, directing Defendant to appear and show cause why he should not be held in criminal contempt. The criminal contempt hearing was held on September 15, 2020. At the beginning of the hearing, the parties' attorneys confirmed criminal contempt was the disposition being sought by Plaintiff, and the hearing proceeded under such supposition.

¶ 4 At the conclusion of the hearing, the trial court *sua sponte* adjudicated Defendant to be in civil contempt for violating the Custody Order and immediately ordered Defendant to be taken into custody and jailed until he purged himself of contempt by returning M.H. to her mother. Defendant timely filed a notice of appeal to this Court from the contempt order the next day as well as a motion for emergency stay to the trial court. The trial court denied Defendant's motion to stay on September 21, 2020. On September 24, 2020, Defendant filed a Petition for Writ of Supersedeas with this Court which was granted on October 5, 2020.

¶ 5 Defendant raises several issues on appeal; however, we need not address each issue because on September 12, 2021, M.H. reached eighteen years of age, thus rendering this case moot.[1] Nonetheless in our discretion, we choose to review whether

---

[1] On appeal, Defendant argues the trial court 1) lacked subject matter jurisdiction to enter civil contempt; 2) erred as a matter of law by determining civil contempt was a lesser form of contempt in comparison to criminal contempt, placing the burden of proof on Defendant, and holding Defendant in civil contempt at the end of a criminal contempt hearing; and 3) violated Defendant's due process rights by finding Defendant in civil contempt after a criminal contempt hearing and without any notice.

a trial court may issue an order of civil contempt in a criminal contempt hearing. We hold the trial court may not hold an alleged contemnor, who has been notified only of criminal contempt proceedings, in civil contempt.

## I.   Discussion

### A.  A Trial Court May Not *Sua Sponte* Order Civil Contempt in a Criminal Contempt Hearing

¶ 6        As a preliminary matter, we note "[q]uestions of statute interpretation are ultimately questions of law for the courts and are reviewed de novo." *In re Summons Issued to Ernst & Young, LLP*, 363 N.C. 612, 616 684 S.E.2d 151, 154 (2009) (citation omitted). N.C. Gen. Stat. § 5A-21(a) defines civil contempt as "[f]ailure to comply with an order of a court." N.C. Gen. Stat. § 5A-21(a) (2021). Criminal contempt is defined as the "[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution." N.C. Gen. Stat. §5A-11(a)(3) (2021). One of the basic purposes "of the Commission in drafting the Chapter on contempt [is] . . . to *draw a sharp distinction* between proceedings for criminal contempt and the proceedings for civil contempt . . . ." N.C. Gen. Stat. § 5A-1(2021) (Official Commentary) (emphasis added). An alleged contemnor may not be found in "both civil and criminal contempt for the same conduct." *State v. Revels*, 250 N.C. App. 754, 758, 793 S.E.2d 744, 748 (2016). The standards of proof differ between civil and criminal contempt as well. In a civil contempt proceeding, the burden of proof is

probable cause, while in a criminal contempt proceeding the burden of proof is beyond a reasonable doubt. N.C. Gen. Stat. § 5A-15(f) (2021); *Cumberland Cty. ex rel. Mitchell v. Manning*, 262 N.C. App. 383, 388, 822 S.E.2d 305, 308 (2018). *See also* N.C. Gen. Stat. § 5A-23(a) (2021).

¶ 7        In the present case, the trial court erred by *sua sponte* holding Defendant in civil contempt when Defendant had not been given adequate notice of an inquiry into civil contempt. There are three permissible methods for when a civil contempt proceeding can be initiated: 1) by a "motion of an aggrieved party giving notice to the alleged contemnor to appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt[,]" N.C. Gen. Stat. § 5A-23(a1) (2021); 2) "by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt"; or 3) "by the notice of a judicial official that the alleged contemnor will be held in contempt unless he appears at a specified reasonable time and shows cause why he should not be held in contempt." § 5A-23(a). "The order or notice must be given [to]" or a "copy of the motion and notice must be served on" the alleged contemnor "*at least five days in advance of the hearing unless good cause is shown.*" § 5A-23(a)-(a1) (emphasis added).

¶ 8        In the present case, Defendant operated under the reasonable assumption the hearing was for criminal contempt, and not for civil contempt, based upon the

following evidence. The entirety of Plaintiff's "Motion for Contempt and Ex Parte Motion for Emergency Court" never mentioned civil contempt, but only alleged Defendant to be in criminal contempt: "Father is in criminal contempt of Court"; "there is probable cause to believe Father is in Criminal Contempt"; and "Mother prays the Court for the following relief[] . . . Enter an Order finding Father in criminal contempt . . . . That the Father receive, as a punishment for criminal contempt . . . ." The District Court's Order to Show Cause additionally stated Defendant must show cause "why he should not be [held in contempt] or punished for criminal contempt." The District Court's Notice of Domestic Hearing stated the nature of the hearing was criminal contempt and show cause. Even if these documents left a scintilla of doubt whether Defendant was put on notice of civil contempt, both Defendant and Plaintiff's attorneys confirmed the hearing was for criminal, not civil, contempt:

> [Defendant's Trial Attorney:] Your Honor, this is a criminal contempt matter. It was a motion for criminal contempt, it was a show cause for criminal contempt. There was a notice of hearing for criminal contempt. Criminal contempt burden relies solely on the moving party to present evidence regarding the case . . . .
>
>  . . .
>
> [Plaintiff's Trial Attorney:] Your Honor, she's absolutely right . . . I just realized we did ask for criminal contempt . . . .
>
> THE COURT: Okay.

¶ 9    Essentially, at no point was Defendant given any required notice he could be subjected to civil contempt. All evidence indicated Defendant was only alleged to be in criminal contempt. It was only when the trial court judge decided *sua sponte* to hold Defendant in civil contempt at the end of the criminal contempt hearing that Defendant was made aware of the court's inquiry into civil contempt. Section 5A-23(a)-(a1) requires notice of a contempt proceeding to be given to the alleged contemnor at a *minimum five days* prior. § 5A-23(a)-(a1). Defendant clearly was not given the notice required for an inquiry into civil contempt and, thus, the trial court erred in finding Defendant in civil contempt absent notice to the Defendant of the inquiry into civil contempt.

¶ 10    While the trial court's conclusion of law that civil contempt is a lesser form of contempt than criminal contempt may have been appropriate under prior versions of the contempt statute, the change in the statute in 2021 does not support this conclusion. Civil contempt is a distinct form of contempt and is not a lesser form of contempt than criminal contempt. N.C. Gen. Stat. § 5A-12 states a "person held in criminal contempt under this Article *shall not*, for the same conduct, be found in civil contempt under Article 2 of this Chapter, Civil Contempt." N.C. Gen. Stat. § 5A-12(d) (2021) (emphasis added). Similarly, N.C. Gen. Stat. § 5A-23(g) provides a "person who is found in civil contempt under this Article *shall not*, for the same conduct, be found in criminal contempt under Article 1 of this Chapter." N.C. Gen. Stat. § 5A-

23(g) (2021) (emphasis added).

¶ 11     In this case, the trial court *sua sponte* held Defendant in civil contempt for the same actions which were the basis of Defendant's criminal contempt actions, reasoning "[c]ivil contempt is a lessor finding than criminal contempt." From the plain language of both Section 5A-12 and 5A-23, our General Assembly intended for civil contempt and criminal contempt to be distinct, separate forms of contempt when the same conduct is concerned. In other words, civil contempt is not a lesser from of contempt than criminal contempt and the trial court erred here in concluding otherwise.

¶ 12     Regardless, we dismiss this case as moot as the trial court's original child custody order does not remain in force. Section 5A-21(a) provides a failure to comply with a court order

> is a continuing civil contempt as long as:
>
> (1) The order remains in force;
>
> (2) The purpose of the order may still be served by compliance with the order;
>
> (2a) The noncompliance by the person to whom the order is directed is willful; and
>
> (3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order

N.C. Gen. Stat. § 5A-21(a) (2021). Thus, because M.H. has reached the age of

maturity, the trial court's child custody order no longer remains in force, and Defendant can no longer be subjected to contempt proceedings for failure to comply with the order.

## II.  Conclusion

While we recognize the error of the trial court in holding Defendant in civil contempt after conducting a hearing only on criminal contempt, we dismiss this appeal as moot.  M.H. has reached the age of maturity, and the court no longer has jurisdiction to enforce the custody order.

DISMISSED.

Judge INMAN concurs by separate opinion.

Judge JACKSON concurs.

COA 21-111 *Hirschler v. Hirschler*

INMAN, Judge, concurring.

I concur in the majority's dismissal of this appeal as moot because the parties' child has reached the age of maturity. Because we have dismissed the appeal as moot, however, I would not address the merits of Defendant's challenge to the *sua sponte* civil contempt order. *See Poore v. Poore*, 201 N.C. 791, 792, 161 S.E. 532, 533 (1931) ("It is no part of the function of the courts, in the exercise of the judicial power vested in them by the Constitution . . . to answer moot questions[.]") (citations omitted)); *Matthews v. N.C. Dep't of Transp.*, 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978) ("The general rule is that an appeal presenting a question which has become moot will be dismissed.") (citation omitted)).