IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-690

 No. COA21-111

 Filed 21 December 2021

 Mecklenburg County, 09 CVD 4891

 SUBASHINI HIRSCHLER, Plaintiff,

 v.

 MATTHEW HIRSCHLER, Defendant.

 Appeal by Defendant from Order entered 16 September 2020 by Judge Gary L.

 Henderson in Mecklenburg County District Court. Heard in the Court of Appeals 25

 August 2021.

 Subashini M. Hirschler, pro se, for Plaintiff-Appellee.

 Collins Family Law Group, by Rebecca K. Watts, for Defendant-Appellant.

 WOOD, Judge.

¶1 Matthew Hirschler (“Defendant”) appeals a civil contempt judgment finding

 him in civil contempt. The trial court signed an order for Defendant to appear and

 show cause why he should not be held in criminal contempt, conducted a hearing for

 criminal contempt, then, sua sponte, held Defendant in civil contempt and ordered he

 be taken into immediate custody. Though we agree with Defendant the trial court

 may not order civil contempt sua sponte, we dismiss this case as moot.

 I. Background
 HIRSCHLER V. HIRSCHLER

 2021-NCCOA-690

 Opinion of the Court

¶2 On March 16, 2017, the trial court entered an Order for Permanent Custody

 and Visitation (the “Custody Order”) granting Subashini Hirschler (“Plaintiff”)

 primary physical custody of Plaintiff and Defendant’s then sixteen-year-old minor

 child, M. H. The Custody Order granted Defendant custody of M.H. for the first half

 of summer from June 1 to July 10. Plaintiff resides in North Carolina, and Defendant

 resides in Florida. For M.H.’s summer visits with Defendant, Plaintiff and Defendant

 agreed to deviate from the Custody Order to allow Defendant to have parenting time

 from May 29 through July 8. Starting in late June 2020, M.H. began communicating

 with Plaintiff that M.H. wanted to stay in Florida with Defendant instead of

 returning to North Carolina on July 8. Plaintiff, Defendant, and M.H. began

 exchanging texts and e-mails wherein Plaintiff attempted to persuade M.H. to return

 to North Carolina, but M.H. remained in Florida.

¶3 Defendant did not return M.H. to Plaintiff, explaining he would not forcibly

 put M.H. into a car and drive M.H. to the exchange against M.H.’s will. Defendant

 urged Plaintiff to drive to Florida and talk to M.H. about coming back to North

 Carolina. On July 31, 2020, Plaintiff filed a Motion for Contempt and an “Ex Parte

 Motion for Emergency Court”, asking the trial court to find Defendant in criminal

 contempt of court. Although Plaintiff eventually did drive to Florida to speak to M.H.

 on September 5, 2020, M.H. continued to refuse to return to North Carolina with

 Plaintiff. The trial court signed an order to show cause against Defendant on August
 HIRSCHLER V. HIRSCHLER

 2021-NCCOA-690

 Opinion of the Court

 7, 2020, directing Defendant to appear and show cause why he should not be held in

 criminal contempt. The criminal contempt hearing was held on September 15, 2020.

 At the beginning of the hearing, the parties’ attorneys confirmed criminal contempt

 was the disposition being sought by Plaintiff, and the hearing proceeded under such

 supposition.

¶4 At the conclusion of the hearing, the trial court sua sponte adjudicated

 Defendant to be in civil contempt for violating the Custody Order and immediately

 ordered Defendant to be taken into custody and jailed until he purged himself of

 contempt by returning M.H. to her mother. Defendant timely filed a notice of appeal

 to this Court from the contempt order the next day as well as a motion for emergency

 stay to the trial court. The trial court denied Defendant’s motion to stay on

 September 21, 2020. On September 24, 2020, Defendant filed a Petition for Writ of

 Supersedeas with this Court which was granted on October 5, 2020.

¶5 Defendant raises several issues on appeal; however, we need not address each

 issue because on September 12, 2021, M.H. reached eighteen years of age, thus

 rendering this case moot.1 Nonetheless in our discretion, we choose to review whether

 1 On appeal, Defendant argues the trial court 1) lacked subject matter jurisdiction to

 enter civil contempt; 2) erred as a matter of law by determining civil contempt was a lesser
 form of contempt in comparison to criminal contempt, placing the burden of proof on
 Defendant, and holding Defendant in civil contempt at the end of a criminal contempt
 hearing; and 3) violated Defendant’s due process rights by finding Defendant in civil
 contempt after a criminal contempt hearing and without any notice.
 HIRSCHLER V. HIRSCHLER

 2021-NCCOA-690

 Opinion of the Court

 a trial court may issue an order of civil contempt in a criminal contempt hearing. We

 hold the trial court may not hold an alleged contemnor, who has been notified only of

 criminal contempt proceedings, in civil contempt.

 I. Discussion

 A. A Trial Court May Not Sua Sponte Order Civil Contempt in a Criminal
 Contempt Hearing

¶6 As a preliminary matter, we note “[q]uestions of statute interpretation are

 ultimately questions of law for the courts and are reviewed de novo.” In re Summons

 Issued to Ernst & Young, LLP, 363 N.C. 612, 616 684 S.E.2d 151, 154 (2009) (citation

 omitted). N.C. Gen. Stat. § 5A-21(a) defines civil contempt as “[f]ailure to comply

 with an order of a court.” N.C. Gen. Stat. § 5A-21(a) (2021). Criminal contempt is

 defined as the “[w]illful disobedience of, resistance to, or interference with a court’s

 lawful process, order, directive, or instruction or its execution.” N.C. Gen. Stat. §5A-

 11(a)(3) (2021). One of the basic purposes “of the Commission in drafting the Chapter

 on contempt [is] . . . to draw a sharp distinction between proceedings for criminal

 contempt and the proceedings for civil contempt . . . .” N.C. Gen. Stat. § 5A-1(2021)

 (Official Commentary) (emphasis added). An alleged contemnor may not be found in

 “both civil and criminal contempt for the same conduct.” State v. Revels, 250 N.C.

 App. 754, 758, 793 S.E.2d 744, 748 (2016). The standards of proof differ between civil

 and criminal contempt as well. In a civil contempt proceeding, the burden of proof is
 HIRSCHLER V. HIRSCHLER

 2021-NCCOA-690

 Opinion of the Court

 probable cause, while in a criminal contempt proceeding the burden of proof is beyond

 a reasonable doubt. N.C. Gen. Stat. § 5A-15(f) (2021); Cumberland Cty. ex rel.

 Mitchell v. Manning, 262 N.C. App. 383, 388, 822 S.E.2d 305, 308 (2018). See also

 N.C. Gen. Stat. § 5A-23(a) (2021).

¶7 In the present case, the trial court erred by sua sponte holding Defendant in

 civil contempt when Defendant had not been given adequate notice of an inquiry into

 civil contempt. There are three permissible methods for when a civil contempt

 proceeding can be initiated: 1) by a “motion of an aggrieved party giving notice to the

 alleged contemnor to appear before the court for a hearing on whether the alleged

 contemnor should be held in civil contempt[,]” N.C. Gen. Stat. § 5A-23(a1) (2021); 2)

 “by the order of a judicial official directing the alleged contemnor to appear at a

 specified reasonable time and show cause why he should not be held in civil

 contempt”; or 3) “by the notice of a judicial official that the alleged contemnor will be

 held in contempt unless he appears at a specified reasonable time and shows cause

 why he should not be held in contempt.” § 5A-23(a). “The order or notice must be

 given [to]” or a “copy of the motion and notice must be served on” the alleged

 contemnor “at least five days in advance of the hearing unless good cause is shown.”

 § 5A-23(a)-(a1) (emphasis added).

¶8 In the present case, Defendant operated under the reasonable assumption the

 hearing was for criminal contempt, and not for civil contempt, based upon the
 HIRSCHLER V. HIRSCHLER

 2021-NCCOA-690

 Opinion of the Court

following evidence. The entirety of Plaintiff’s “Motion for Contempt and Ex Parte

Motion for Emergency Court” never mentioned civil contempt, but only alleged

Defendant to be in criminal contempt: “Father is in criminal contempt of Court”;

“there is probable cause to believe Father is in Criminal Contempt”; and “Mother

prays the Court for the following relief[] . . . Enter an Order finding Father in

criminal contempt . . . . That the Father receive, as a punishment for criminal

contempt . . . .” The District Court’s Order to Show Cause additionally stated

Defendant must show cause “why he should not be [held in contempt] or punished for

criminal contempt.” The District Court’s Notice of Domestic Hearing stated the

nature of the hearing was criminal contempt and show cause. Even if these

documents left a scintilla of doubt whether Defendant was put on notice of civil

contempt, both Defendant and Plaintiff’s attorneys confirmed the hearing was for

criminal, not civil, contempt:

 [Defendant’s Trial Attorney:] Your Honor, this is a criminal
 contempt matter. It was a motion for criminal contempt, it
 was a show cause for criminal contempt. There was a
 notice of hearing for criminal contempt. Criminal
 contempt burden relies solely on the moving party to
 present evidence regarding the case . . . .

 ...

 [Plaintiff’s Trial Attorney:] Your Honor, she’s absolutely
 right . . . I just realized we did ask for criminal contempt
 ....

 THE COURT: Okay.
 HIRSCHLER V. HIRSCHLER

 2021-NCCOA-690

 Opinion of the Court

¶9 Essentially, at no point was Defendant given any required notice he could be

 subjected to civil contempt. All evidence indicated Defendant was only alleged to be

 in criminal contempt. It was only when the trial court judge decided sua sponte to

 hold Defendant in civil contempt at the end of the criminal contempt hearing that

 Defendant was made aware of the court’s inquiry into civil contempt. Section 5A-

 23(a)-(a1) requires notice of a contempt proceeding to be given to the alleged

 contemnor at a minimum five days prior. § 5A-23(a)-(a1). Defendant clearly was not

 given the notice required for an inquiry into civil contempt and, thus, the trial court

 erred in finding Defendant in civil contempt absent notice to the Defendant of the

 inquiry into civil contempt.

¶ 10 While the trial court’s conclusion of law that civil contempt is a lesser form of

 contempt than criminal contempt may have been appropriate under prior versions of

 the contempt statute, the change in the statute in 2021 does not support this

 conclusion. Civil contempt is a distinct form of contempt and is not a lesser form of

 contempt than criminal contempt. N.C. Gen. Stat. § 5A-12 states a “person held in

 criminal contempt under this Article shall not, for the same conduct, be found in civil

 contempt under Article 2 of this Chapter, Civil Contempt.” N.C. Gen. Stat. § 5A-12(d)

 (2021) (emphasis added). Similarly, N.C. Gen. Stat. § 5A-23(g) provides a “person

 who is found in civil contempt under this Article shall not, for the same conduct, be

 found in criminal contempt under Article 1 of this Chapter.” N.C. Gen. Stat. § 5A-
 HIRSCHLER V. HIRSCHLER

 2021-NCCOA-690

 Opinion of the Court

 23(g) (2021) (emphasis added).

¶ 11 In this case, the trial court sua sponte held Defendant in civil contempt for the

 same actions which were the basis of Defendant’s criminal contempt actions,

 reasoning “[c]ivil contempt is a lessor finding than criminal contempt.” From the

 plain language of both Section 5A-12 and 5A-23, our General Assembly intended for

 civil contempt and criminal contempt to be distinct, separate forms of contempt when

 the same conduct is concerned. In other words, civil contempt is not a lesser from of

 contempt than criminal contempt and the trial court erred here in concluding

 otherwise.

¶ 12 Regardless, we dismiss this case as moot as the trial court’s original child

 custody order does not remain in force. Section 5A-21(a) provides a failure to comply

 with a court order

 is a continuing civil contempt as long as:

 (1) The order remains in force;

 (2) The purpose of the order may still be served by
 compliance with the order;

 (2a) The noncompliance by the person to whom the order is
 directed is willful; and

 (3) The person to whom the order is directed is able to
 comply with the order or is able to take reasonable
 measures that would enable the person to comply with the
 order

 N.C. Gen. Stat. § 5A-21(a) (2021). Thus, because M.H. has reached the age of
 HIRSCHLER V. HIRSCHLER

 2021-NCCOA-690

 Opinion of the Court

 maturity, the trial court’s child custody order no longer remains in force, and

 Defendant can no longer be subjected to contempt proceedings for failure to comply

 with the order.

 II. Conclusion

¶ 13 While we recognize the error of the trial court in holding Defendant in civil

 contempt after conducting a hearing only on criminal contempt, we dismiss this

 appeal as moot. M.H. has reached the age of maturity, and the court no longer has

 jurisdiction to enforce the custody order.

 DISMISSED.

 Judge INMAN concurs by separate opinion.

 Judge JACKSON concurs.
 COA 21-111 Hirschler v. Hirschler

 INMAN, Judge, concurring.

¶ 14 I concur in the majority’s dismissal of this appeal as moot because the parties’

 child has reached the age of maturity. Because we have dismissed the appeal as

 moot, however, I would not address the merits of Defendant’s challenge to the sua

 sponte civil contempt order. See Poore v. Poore, 201 N.C. 791, 792, 161 S.E. 532, 533

 (1931) (“It is no part of the function of the courts, in the exercise of the judicial power

 vested in them by the Constitution . . . to answer moot questions[.]”) (citations

 omitted)); Matthews v. N.C. Dep’t of Transp., 35 N.C. App. 768, 770, 242 S.E.2d 653,

 654 (1978) (“The general rule is that an appeal presenting a question which has

 become moot will be dismissed.”) (citation omitted)).